JOHN B. FOURNIER *vs.* SOLOMON CYR.

*Bond. Validity of.*

It is not necessary that the names of the obligors should appear in the body of a bond; it is sufficient if it be signed by them; and the addition of the words "principal" and "surety" to their respective signatures indicates the capacity in which it is executed.

Nor is it material that the signatures and seals are between the penal part of the bond and its condition.

A bond is valid though there is no date, or an erroneous one.

If a constable's bond is good at the time a writ is served by him he cannot be made a trespasser by any subsequent avoidance of his bond through the unauthorized alteration of it by another.

This action was brought against the defendant for an alleged trespass in assuming to act as constable in taking property of the plaintiff upon a writ against him, without having given the bond required by law. The constable had prepared his bond with blank spaces for his name and those of his sureties. He and they signed and sealed the instrument between the penalty and the condition, and did not insert their names in the body of it. In this condition it was handed to the selectmen for approval. The selectmen, through ignorance or inadvertence, intending to approve it, wrote their names in the spaces left for those of the obligors. While the bond was in this condition the writ in question was served. Subsequently the mistake was discovered; the names of the selectmen were erased and those of the obligors substituted, a formal approval endorsed upon the bond and signed : *held*, that the defendant was not liable in the action because the bond was good when the writ was served and was not invalidated by the subsequent correction of mistakes; and even had it thus been avoided, this would not have made the officer a trespasser *ab initio*.

ON EXCEPTIONS.

DEBT to recover the statute penalty provided by R. S., c. 80, § 43, for serving as constable a writ of replevin in favor of Olive Cyr against John B. Fournier, without having given the bond required by that section. The action was referred to Hon. H. R. Downes who made an alternative award, as the court should find the law upon the facts stated.

Before serving the replevin writ Mr. Cyr had his bond prepared, leaving blank spaces in the body of it for the names of his sureties and the date of its execution. The obligors executed it by signing their names and affixing their seals between the penalty and the condition, and did not fill the blanks. The defendant then took it immediately for approval to one of the selectmen, who put his name in one of the spaces left for the name of a surety. The constable then took it to another selectman to be approved, and he being unable to write procured a woman to insert his name in the other blank left for a surety's name ; both selectmen intending to signify their approval of the bond. In this condition the bond remained with one of the selectmen till after service of the

replevin writ aforesaid, when, some question arising as to the validity of the service, P. C. Keegan, Esq., erased the selectmen's names, inserted those of the sureties and the date, affixed a stamp and wrote an approval of the bond, which the selectmen signed May 10, 1870, after the service of the replevin writ.

The presiding justice ordered judgment for the defendant upon this report and the plaintiff excepted.

*C. M. Herrin* and *Edmund Madigan* for the plaintiff.

This bond only took effect upon delivery. When it finally went out of the constable's hands, it bore the name of a selectman as surety, but was not approved. It is immaterial where a man signs an instrument, and Mr. Hubert put his name in as surety in the body of the instrument. If it was necessary that the signature of the obligors should be at the bottom, then the bond was incomplete without Mr. Hubert's there, as the paper declared him to be a party. *Bean* v. *Parker*, 17 Mass., 603. And none of the persons mentioned did sign at the bottom.

This is not a suit upon the bond ; but one in which it becomes necessary for the defendant to show a completed instrument before he acted.

It was a condition precedent to official action by him, that he should procure an approval of his bond by the selectmen ; and it is not enough to show that he intended to obtain and each intended to give it, if they did not in fact accomplish it.

It required the joint official assent of the selectmen as a board, and not their individual signatures given at different times and places. *King* v. *Winwick*, 8 D. & E., 454 ; *Elliot* v. *Abbot*, 12 N. H., 549 ; *Edgerly* v. *Emerson*, 23 N. H., 555 ; *Butler* v. *Washburn*, 25 N. H., 251 ; Dillon on Mun. Corp., §§ 221, 222 ; 7 N. H., 304 ; *Grindley* v. *Barker*, 1 B. & P., 236 ; Baltimore Turnpike, 5 Binney, 481 ; *Crofoot* v. *Allen*, 2 Wend., 494 ; *Damon* v. *Granby*, 2 Pick, 345.

*P. C. Keegan* for the defendant.

APPLETON, C. J. This is an action of debt to recover the statute penalty for serving a writ as constable without having given bond. The defendant justifies as constable of Madawaska, and avers the giving of the requisite bond.

The defendant gave a bond as constable, the validity of which constitutes the principal question in controversy. The action was referred and the referee has made a special report of the facts upon which the objections to the bond are based.

The bond given by the defendant as constable was made out leaving the names of the sureties blank in the body of the bond and also the day of the month of its execution, and it was signed by the principal and sureties while in that condition.

It is not necessary that the names of the obligor and his sureties should appear in the bond. The principal signs and adds principal to his name and the sureties sign specifically as such. The bond being signed and sealed by the defendant and his sureties they are bound thereby. *Pequawkett Bridge* v. *Mathes*, 7 N. H., 230; *Smith* v. *Crooker*, 5 Mass., 538. "The party executing the bond," observes Parsons, C. J., "knowing there are blanks in it, to be filled by inserting particular names or things, must be considered as agreeing that the blanks may be thus filled after he has executed the bond." Though the name of a party is not mentioned in the bond, yet if he sign and seal it, he will be bound. *Ex parte* Fulton, 7 Cow., 485; *Williams* v. *Greer*, 4 Hayw., 239.

The law is well settled, that a bond takes effect from its delivery. The day of delivery may be shown whenever it becomes material. The date of a bond is not essential. It will be valid though there is no date or the date is erroneous. *Pierce* v. *Richardson*, 37 N. H., 306.

The bond was signed and sealed before the condition and immediately after the penal part, but that does not affect its validity. Where an obligor signs his name and affixes his seal in the space between the penal part of the bond and the condition thereof, the condition is as much a part of the instrument as if the signature were at the foot of it. *Reed* v. *Drake*, 7 Wend., 345.

At the time of the service of the writ against the plaintiff upon which the attachment was made which constitutes the alleged trespass, the bond was in the hands of the selectmen, and the objection is taken that it had not been duly approved. The defendant had done his duty. He had furnished a bond with sufficient sureties and had delivered it to one of the selectmen. The bond was legally binding upon the parties thereto. The constable is not responsible for the performance by the selectmen of the duties required of them. As the constable does not incur the penalty for serving the writ against the provisions of the statute, we think the service must be regarded as legal in accordance with the case of *Eustis* v. *Kidder*, 26 Maine, 97, which was re-affirmed in *Rounds* v. *Mansfield*, 38 Maine, 586.

The mistake of the selectmen in erroneously placing their signatures of approval in the wrong place cannot make the defendant a trespasser, without fault or omission of duty on his part. The erasure of a signature, placed where it should not have been, cannot be regarded as a fraudulent alteration.

The insertion of the names of the principal and his sureties in the blanks for that purpose, if made by the direction and authority of the selectmen was in strict accordance with the understanding of the parties when the bond was executed. *Smith* v. *Crocker*, 5 Mass., 538.

If the bond was a valid one, when the defendant served the writ upon which the attachment was made, he cannot be made a trespasser by what occurred subsequently.

*Exceptions overruled.*

CUTTING, WALTON, BARROWS, DANFORTH and PETERS, JJ., concurred.