DONNELL MANUFACTURING COMPANY, Appellant, v. D. A. REPASS, Respondent.

St. Louis Court of Appeals, May 10, 1898.

1. **Obligor, Place of Signature in Agreement.** Generally the place for the signature of an obligor is at the foot of the agreement, but in strict law it will suffice, if, with the intent to constitute a signing, it is inserted in the writing at any other place.

2. **Bond:** CONTRACT. The word "bond" *ex vi termini* imports a sealed instrument.

3. ——: ——: VALID OBLIGATION AT COMMON LAW. Where an agreement is voluntarily entered into, is for a lawful purpose, and is supported by a valuable consideration, although unsealed is a valid obligation at common law.

*Appeal from the Greene Circuit Court.*—HON. JAMES T. NEVILLE, Judge.

REVERSED AND REMANDED.

GOODE & CRAVENS for appellant.

The refusal of the declaration of law requested by plaintiff was error. The fact that Repass and Earp did not sign the renewal does not, under the facts shown by the evidence and hypothecated in the declaration, relieve defendants from liability. Gay v. Murphy, 134 Mo. 98; Cockrill v. Davis, 35 Pac. Rep. 958. Even if Earp had been named as surety in the renewal for 1892 (which he was not), the fact that he did not sign it would not exonerate either Repass or the other sureties, there

being no proof by defendants that at the time they executed the renewal it was agreed it should not take effect until Earp signed. Gay v. Murphy, 134 Mo. 106; State to use v. Potter, 63 Mo. 212; State ex rel. v. Baker, 64 Mo. 167; State ex rel. v. Modrel, 69 Mo. 152; State ex rel. v. Hewitt, 72 Mo. 603; Wolff v. Schaeffer, 74 Mo. 154. "Where, in the body of an instrument a principal and several sureties were named as parties, but it was signed only by the latter and there was nothing in the nature of it to prevent its operating without the signature of the principal, held that the execution must be deemed *prima facie* complete, otherwise had the sureties at the time of the signing declared that they would not be bound unless the principal signed." 2 Hill. "If he execute it generally without such declaration he shall be holden tho' he stand alone." Cutter v. Whittemore, 10 Mass. 442; Scott v. Whipple, 5 Greenl. 336; U. S. v. Leffler, 11 Pet. 86; 5 Denio, indemnity to sheriff for seizing property. Principal did not sign. Held liable, but might show they were sureties and any satisfaction made by obligee with principal would release them. "While statute provides contracts shall be joint and several, bond of treasurer of county is good as to sureties though principal did not sign." Prina Co. v. Snyder, 44 Pac. Rep. (Ariz.) ——. "Where principal omits to sign his name to bond but signs oath of office and hold office this is a signing of bond."

T. B. Love and R. V. Bowden for respondent.

A surety is not held beyond the precise terms of his contract. *Strictissimi juris* applies to such contracts. Prior v. Kiso, 81 Mo. 241; Nofsinger v. Hartnett, 84 Mo. 549; Bauer v. Cabanne, 105 Mo. 110; Bricker v. Stone, 47 Mo. App. 530. The alleged renewal is not valid as a bond for the reason that is not

under seal. It is an effort to renew a sealed instrument without sealing the alleged renewal. *First.* Seals were not abolished until the act of 1893 (Sess. Acts. p. 117). *Second.* "A bond is a sealed instrument." State ex rel. v. Thompson, 49 Mo. 189; Dairy Co. v. Saur, 16 Mo. App. 4; Corbin v. Laswell, 48 Mo. App. 626. *Third.* An action can not be maintained on an unsealed instrument as a bond. Same authorities. *Fourth.* It was not necessary that defendants should deny under oath the execution of said instrument. While the action is on bond the petition shows the relation of defendants to the instrument to be such as to relieve them of the plea of *non est factum.*

BIGGS, J.—In 1891 the plaintiff employed the defendant Repass as a traveling salesman. To secure plaintiff in the contract Repass executed the following bond or obligation with the defendant D. B. Haeberle and one W. L. Earp as sureties:

"Know all men by these presents, that D. A. Repass and D. B. Haeberle and W. L. Earp, sureties of the —— of —— county of —— and state of —— are held and firmly bound to Donnell Manufacturing Company (a corporation), of the city of St. Louis, county of —— and state of Missouri, in the sum of one thousand dollars, to be paid to said Donnell Mfg. Co., their executors, administrators or assigns, to the payment whereof we bind ourselves, our heirs, executors and administrators, firmly by these presents. Sealed with our seals and dated the 15th day of June, A. D. 1891.

"The condition of this obligation is, that D. A. Repass agrees to travel and sell goods and make collections for the Donnell Mfg. Co., and BOND. that he will take good care of the samples, team and wagon, and any other

property received by him for the account of the Donnell Mfg. Co., and that he will return and deliver to the Donnell Mfg. Co., at St. Louis, Mo., the same in like good order and condition (unavoidable accidents excepted) at any time when called upon to do so; and further that he will promptly, correctly and faithfully report, deliver and pay over to the Donnell Mfg. Co. any and all goods, money or other property received by him from the Donnell Mfg. Co., or on the account of the Donnell Mfg. Co. All these conditions being carried out promptly and correctly, then this obligation shall be void; otherwise it shall remain in full force and effect. Signed, sealed and delivered in presence of J. S. Pierson, John K. Wilkins, witness.

"D. A. REPASS       (Seal)
"D. B. HAEBERLE (Seal)
"W. L. EARP        (Seal)"

In the spring of 1892, Repass agreed to continue in the service of plaintiff for another year, commencing on the eighth day of April, 1892. The terms of this agreement are to be found in the correspondence between the parties. It was understood that Repass should furnish the same or other sureties. On the eighth day of April, 1892, the agent of the plaintiff went to the city of Springfield, where Repass lived, for the purpose of arranging for the new security. At the solicitation of Repass the defendant Haeberle and Isaac Ferguson agreed to become responsible for Repass under the new contract. Instead of writing a new bond the following was indorsed on the old bond, to wit: "I hereby agree to renew bond for coming year of 1892 in favor of D. A. Repass, April 8th.

"(Signed)         D. B. HAEBERLE.

his
"ISAAC   +   FERGUSON"
mark

The plaintiff sues in this action on the renewal bond or obligation and seeks to hold Repass, Haeberle and Ferguson for the failure of Repass to return to plaintiff the property intrusted to him, and for failure to pay over certain moneys collected by him which belonged to plaintiff. The answer of Repass contains a general denial and the statements of two counterclaims against plaintiff. The answer of Haeberle is a general denial and also a statement of the same counterclaims. In addition to a general denial, the answer of Ferguson charged that his signature was obtained by fraud, and that he was not bound, for the reason that Repass did not sign the renewal bond. The case was sent to a referee, who found as facts that there was no fraud in procuring the signature of Ferguson; that the defendants were liable on the obligation or bond, and that the plaintiff was entitled to a judgment thereon for $85.39. Both parties filed exceptions to the report. The plaintiff excepted to the amount allowed by the referee, and the defendants excepted both as to the amount found to be due and to the legal conclusions of the referee, that the defendants were liable in this action. The circuit court in passing on the exceptions sustained the referee as to his findings of fact, but ruled that there was no liability against the defendants or either of them on the renewal bond. Thereupon a judgment was entered for defendants, from which the plaintiff has appealed.

The legal effect of the signing of the indorsement on the old bond by Haeberle and Ferguson, was to import bodily into the new agreement and make a part thereof the terms and conditions of the old bond, except as to the year. Repass did not subscribe his name to the new agreement, that is he did not attach his name to the bottom of it. Did he in fact execute it is the question? He induced Haeberle and Ferguson

Donnell Mfg. Co. v. Repass.

to sign it, and after procuring their signatures he redelivered the old bond thus indorsed to plaintiff. His name appears in the body of the old bond as principal, and while it is not shown that he wrote the bond, yet by procuring the indorsement of the new obligation on the old bond and redelivering it in that condition, he must be held to have executed the new agreement— that is, he adopted his name as written in the body of the old bond as his signature to the new agreement.

PLACE of signature of obligor in agreement. Generally the place for the signature of an obligor is at the foot of the agreement, but "in strict law it will suffice, if, with the intent to constitute a signing, it is inserted in the writing at any other place." Bishop on Contracts, sec. 344, and authorities cited. Therefore we think that the circuit court was in error as to the nonliability of Repass on the new agreement.

The conclusion reached in the foregoing paragraph disposes of the main argument in support of the judgment in favor of Haeberle and Ferguson—that is that Repass the principal did not sign the new agreement. He did sign, as we have attempted to show, which makes a discussion of this phase of the case unnecessary.

The defenses of Ferguson, as we have shown, were that his signature had been obtained by fraud, and that Repass did not sign the new obligation. The circuit court, however, in disposing of the case based its judgment on the additional ground that Earp did not sign the new obligation as a co-surety. We are of the opinion that there is no merit in this, for the reason that the second agreement was in fact an independent agreement, and there is nothing in it to indicate that Earp was to sign it. And even if there was, the contract would be absolutely binding on Repass and *prima facie* binding on Haeberle and Ferguson.

The latter could only avoid responsibility by showing that it was agreed that the new contract should not be delivered as an executed agreement until it was signed by Earp. There was no effort made to do this. Gay v. Murphy, 134 Mo. loc. cit. 106; State ex rel. v. Sandusky, 46 Mo. 377; State ex rel. v. Potter, 63 Mo. 212.

Technically speaking the contract sued on is not a bond, for the reason that it is not under seal. The word "bond" *ex vi termini* imports a sealed instrument. The contract is strictly a private agreement. It was voluntarily entered into by the defendants; it was for a lawful purpose, and is supported by a valuable consideration, which makes it, although unsealed, a valid obligation at common law. U. S. v. Linn, 40 U. S. 290. Hence the contention that the judgment of the circuit court must be affirmed for the reason that the writing upon which the suit was brought is not sealed, is likewise without merit.

VALID obligation at common law.

With the concurrence of the other judges the judgment of the circuit court will be reversed and the cause remanded.