## CRAIG v. SPENCER.

No. 6172. ., Opinion Filed March 7, 1916.

(156 Pac. 172.)

1. **BONDS—Requisites—Signature.** Under the law there can be no objection to the manner and form in which the obligor makes his signature to a bond, provided it appears that he makes it for the purpose of binding himself; the question being always open to the jury whether the party, not having signed particularly at the foot, meant to be bound by it as it stood, or whether he left it unsigned because he refused to complete it; and it does not matter where the signature is, if it was made to authenticate the bond as the act of the party.

2. **EVIDENCE—Parol Evidence Affecting Writings—Signature.** Parol evidence is admissible to show that a signature to a bond was misplaced by mistake.

3. **BONDS—Requisites—Designation of Obligors.** The names of the obligors need not appear in the body of the bond, provided it is duly signed and sealed by them.

(Syllabus by Robberts, C.)

*Error from County Court, Oklahoma County;*
*John W. Hayson, Judge.*

Action by Fair Craig against A. Spencer and another. Judgment for defendant named, and plaintiff brings error. Reversed and remanded.

*Wilson & Tomerlin,* for plaintiff in error.

*Charles H. Ruth,* for defendant in error.

Opinion by ROBBERTS, C.   On the 14th day of June, 1910, the plaintiff in error herein obtained a judgment in the county court of Oklahoma county against one Dave Lesser for $198, and Lesser appealed to the Supreme Court.   For the purpose of staying execution therein pending the appeal, the defendant filed in the office of the clerk of the county court the following appeal or supersedeas bond:

. "APPEAL BOND.

"State of Oklahoma, Oklahoma County—ss.:

"Know all men by these presents: That David Lesser, as principal, and Jacob Kaufman, as sureties, are held and firmly bound unto Fair Craig in the sum of four hundred dollars, for the payment of which well and truly to be made we bind ourselves, our heirs, executors and administrators firmly by these presents.

"The condition of the above obligation is such that whereas, the said David Lesser intends to appeal to the Supreme Court of the State of Oklahoma from a judgment rendered against him in favor of the plaintiff, Fair Craig, in the county court of said county on the 14th day of June, 1910, at Oklahoma City, in said county; Now, if the same David Lesser, appellant, shall prosecute said appeal to effect without unnecessary delay, and shall pay all costs if the said appeal be withdrawn or dismissed, or the amount of any judgment and all costs may be recovered against him in the said action in the Supreme Court, then this obligation to be void; otherwise to remain in full force and effect.

"Witness our hands and seals this 23rd day of June, 1910.

"DAVID LESSER.     [Seal]

"JACOB KAUFMAN.     [Seal]"

"Oklahoma County, State of Oklahoma—ss.:

"Personally appeared before me, county judge within and for said county, Jacob Kaufman, the undersigned sureties and on the above undertaking, and each for himself on oath states that he is a resident and freeholder of said county and state, and that he has property of the value of eight hundred dollars over and above all his debts, liabilities, and all exemptions allowed him by law. And the said Jacob Kaufman further states on oath that his said property consists of real estate in Oklahoma county.

"JACOB KAUFMAN,

"A. SPENCER.

"Subscribed and sworn to before me this 23rd day of June, 1910.

"SAM HOOKER, *Judge.*

"Taken and approved by me this 23rd day of June, 1910.

[Seal.]                                   "SAM HOOKER, *Judge.*

"Filed in county court, Oklahoma County, Okla., November 4, 1912.

"JAMES S. POWERS, *Clerk of the County Court.*"

In due time the case was affirmed in this court, and mandate issued to the county court, where execution was issued against the defendant Lesser, and returned "No goods found." Thereupon plaintiff commenced this action against Jacob Kaufman and A. Spencer on the appeal bond. Personal service was had on both of said defendants. Both defendants made personal appearance and filed a joint general demurrer to plaintiff's petition, which was overruled by the court on the 4th day of December, 1912, and defendants allowed ten days thereafter to answer. On the 28th day of December the case was regularly set for trial on the 4th day of February, 1913. On the 4th day of February, the case being called for trial, judgment by default was entered against both of said defendants. This judgment was thereafter set aside as to the defendant A. Spencer for want of service, and on his verified motion that the demurrer to the petition was filed without his knowledge or consent, with the further statement that "he did not execute the bond sued on."

The case was again tried before the court without a jury. At request of counsel, the court, at the conclusion of the evidence, made special findings of fact and conclusions of law, the pertinent parts of which are as follows:

· "(5) The court further finds from said evidence that the signature of A. Spencer attached to the jurat of the bond sued on in this action is the genuine signature of the said defendant A. Spencer, and that the said defendant A. Spencer duly signed his name thereto.

· "(6) The court further finds from the evidence that the defendant A. Spencer's name does not appear in the body of the bond, and that it does not appear to the jurat of the bond, except immediately beneath the signature of the other surety, Jacob Kaufman, said bond being in the following figures, to-wit: [Here follows copy of bond hereinbefore set out.]

"(7) The court further finds from the evidence that the defendant A. Spencer, by signing his name to the jurat of the bond immediately beneath the signature of Jacob Kaufman, the other surety, fully intended to sign the supersedeas bond, or appeal bond, sued on in this action, and that by reason of attaching his signature thereto meant and intended to be bound on the bond thereby.

"(8) The court further finds from the evidence that the bond sued on in this action and the jurat of the bond are on one sheet of paper, and that the jurat is not on a second sheet of paper attached to the bond."

### "CONCLUSIONS OF LAW.

"The court concludes the law to be upon the above findings of fact that the said defendant A. Spencer is not bound or liable upon said bond, and did not bind himself by reason of signing his name to the jurat of said bond or his intentions to be bound by reason thereof, that the bond itself in this action controls, that the intention of A. Spencer when he signed his name to the jurat of the bond is immaterial, and that the intention of A. Spencer when he signed his name to the jurat of the bond to be bound thereby, or that by signing his name as aforesaid he intended to sign the bond, is immaterial, to which conclusions of law plaintiff excepts and exception is allowed.

"JOHN W. HAYSON, *County Judge.*

"Filed in county court, Oklahoma County, Okla., No-vember 24, 1913.

"ANNE HOOVER, *Clerk of the County Court.*

"By the Court: The judgment in this case will be for the defendant A. Spencer. To which judgment the plaintiff excepts."

From the foregoing we have presented the question as to whether, under all the facts and circumstances in the case, including the special findings of the trial court, the defendant Spencer should be held liable on the bond.

The entire record, including the evidence and the special findings of the trial court, is conclusive of the fact:

"That the defendant A. Spencer, by signing his name to the jurat of the bond immediately beneath the signature of Jacob Kaufman, the other surety, fully intended to sign the supersedeas bond, or appeal bond, sued on in this action, and that by reason of attaching his signature thereto meant and intended to be bound on the bond thereby."

The record shows that the original judgment was stayed pending the appeal, by the force and effect of this bond, and the judgment debtor (principal on the bond) and other surety are execution proof.

The defendants received the full legal consideration and the judgment creditor, obligee in the bond, suffered every prejudice and disadvantage anticipated; therefore the bond served every purpose for which it was given.

The defendant actually agreed to become responsible for the judgment, and by placing his signature on the bond, although at the particular place provided for signing the qualification affidavit, he intended by such act to obligate himself to comply with the terms and conditions of the bond. The placing of his name at the particular place was simply a clerical error. The defendant made no

mistake in his intention to become liable on the bond, but the mistake occurred in the mechanical act of placing his name in the wrong place on the same paper on which the bond was written.

In Cyc. vol. 5 at page 735, we find this doctrine:

."While a proper place for the signature of the obligor is at the foot of the instrument, yet, independent of any statutory requirements, the manner and form of the signature is immaterial, provided it is made by the surety for the purpose and with the intention of binding himself."

In *State v. Wallis,* 57 Ark. 64, 20 S. W. 811 (probably quoting Brandt on Suretyship), the court says:

"Under the law 'there can be no objection to the manner or form in which an obligor makes his signature to a bond, provided it appears that he made it for the purpose of binding himself; * * * the question being always open to the jury whether the party, not having signed regularly at the foot, meant to be bound by it as it stood, or whether he left it unsigned because he refused to complete it'; * * * or, as is elsewhere stated, it does not matter where the signature is, if it was made to authenticate the bond as the act of the party."

In *Donnell Mfg. Co. v. Repass,* 75 Mo. App. 420, it is said:

"Generally the place for the signature of an obligor is at the foot of the agreement, but 'in strict law it will suffice if, with the intent to constitute a signing, it is inserted in the writing at any other place.'"

The text in Enc. L. vol. 4 (N. S.) 621, is as follows:

"The manner or form in which an obligor signs is immaterial, provided that he signs for the purpose of binding himself."

The notes to the text are as follows:

"The place of the signature and seal is not material if the name is written with the intention of becoming bound. Thus one may be bound who signs in the place intended for the signature of a witness. *Richardson v. Boynton,* 12 Allen (Mass.) 138, 90 Am. Dec. 141.

" A bond signed and sealed before the condition, but immediately after the penal part, is valid. *Fournier v. Cyr,* 64 Me. 32.

"The names of the obligors need not appear in the body of the bond, provided it is duly signed and sealed by them. *Fournier v. Cyr,* 64 Me. 32."

In the first paragraph of the syllabus in *Richardson v. Boynton, supra,* we find this language:

"Parol evidence is admissible to show that signatures to bond were misplaced by mistake, and that the party who signed in the place marked for witnesses really signed as surety, and that the other party, who signed in the place marked for sureties, signed as a witness only."

Counsel for defendant in error contend that most of the foregoing cases are not in point here because the facts are not the same. The answer to that is that one seldom finds cases covering precisely the same facts; but legal principles are often deducible from a similar or even a different state of facts. Such we find to be the case here.

Upon a careful consideration of this case, and a close study of the cases cited, as well as upon the legal principles involved, we are clearly of the opinion that the case should be reversed and remanded to the county court of Oklahoma county, with directions that the former judgment be set aside, and judgment rendered for the plaintiff against the defendant A. Spencer for the full amount of the bond, with legal interest and all costs.

By the Court: It is so ordered.