## D'YARMETT v. SCHOOL DIST. NO. 27, CANADIAN COUNTY.

No. 9094—Opinion Filed March 4, 1919.

(179 Pac. 20.)

(Syllabus.)

**1. Schools and School Districts—Contract by Officers—Liability of District.**

Where the officers of a school district enter into a written contract, signing same in their official capacity, for the construction of a school building for the use and benefit of the district, accept the building when completed, and receive the full benefits under the contract, the school district is bound by its terms, notwithstanding the name of the district does not appear in the contract.

**2. Contracts—Construction — Intention of Parties.**

The chief object in construing contracts is to ascertain the intention of the contracting parties, and subsequent acts and conduct of the parties may be considered in arriving at the intention.

**3. Schools and School Districts—Action on Contract by District—Sufficiency of Petition.**

A petition alleging the contract was executed for the use and benefit of a school district, by officers authorized to bind the district acting in their official capacity, and that the district thereafter accepted the full benefits under it, but by mistake of the scrivener the name of the district did not appear in the contract, states a cause of action on the contract.

**Error** from District Court, Canadian County; John W. Hayson, Judge.

Action by E. C. D'Yarmett against School District No. 27, Canadian County, Okla. Demurrer to petition sustained, and judgment for defendant, and plaintiff brings error. Reversed and remanded for new trial.

Wilson, Tomerlin & Buckholts, for plaintiff in error.

M. D. Libby, for defendant in error.

OWEN, J. Plaintiff in error brought this action, in the district court of Canadian county, to recover balance due on the contract price for the erection of a school building. The building was erected for the use and benefit of the school district at an agreed price of $28,500, and the petition alleges the completion of the building, acceptance of the same by the district, and payment of $22,929 under the terms of a written contract. From a copy of this contract attached to the petition it appears to have been made in the name of the "Board of Education of the City of Yukon"; but the petition alleges that it was executed by the proper officials of school district No. 27 for the use and benefit of the district, and intended by all persons to bind the district, but by mistake of the scrivener the words "Board of Education" were inserted instead of "School District No. 27," and that the school district had at all times treated it as its contract and accepted the full benefits according to its terms. This action was instituted more than three years after the completion of the building and the trial court sustained a demurrer to the petition on the ground that the contract, not having been made in the name of the school district, did not constitute a written contract between the parties, and for that reason the cause of action was barred by the statute of limitation.

The demurrer admitted the truth of the allegations that the contract was executed for the use and benefit of the district, by the proper officers of the district acting in their official capacity, and the district accepted the full benefits under its terms. In these circumstances it was the contract of the district. Tulsa Rig & Reel Mfg. Co. v. Hansel, 69 Okla. 151, 170 Pac. 512; Barnett v. Blackstone C. Min. Co., 60 Okla. 41, 158 Pac. 588; Okla. Portland Cement Co. v. Chaney, 50 Okla. 180, 150 Pac. 884; Dolese Bros. v Chaney et al. 44 Okla. 745, 145 Pac. 1119; Thompson v. Grider, 36 Okla. 165, 128 Pac. 266; Whitney v. Wyman, 101 U. S. 392, 25 L. Ed. 1050; Van Noy v. Ins. Co., 168 Mo. App. 287,

153 S. W. 1090; Contract Co. v. Constr. Co., 150 Mo. App. 505, 131 S. W. 134.

The school district was bound by the contract when executed by the proper officers for its use and benefit and with the intention of binding the district. The intention of the parties must necessarily control. This court held in the case of Craig v. Spencer, 56 Okla. 259, 156 Pac. 172, in an action on an appeal bond, where the party sought to be charged had not signed the bond and his name nowhere appeared upon it except to the qualification affidavit, that he was bound by the bond because it was his intention at the time to be bound.

The chief object in construing contracts is to ascertain the intention of the contracting parties, and the subsequent acts of the parties may be considered in arriving at the intention. Withington v. Gypsy Oil Co., 68 Okla. 138, 172 Pac. 634; Elliott on Contracts, §§ 1508, 1538; 6 R. C. L. pp. 835, 853. Permitting the building to be erected, accepting the same when completed, and paying a large portion of the contract price, furnishes proof of the intention of the district to be bound by the contract.

The petition, alleging that the contract was executed for the use and benefit of the school district, by the officers authorized to bind the district acting in their official capacity, and that the district thereafter accepted the full benefits under it, and by mistake of the scrivener the name of the district did not appear in the contract, stated a cause of action on the contract and was not barred by the statute of limitation.

Therefore the judgment of the lower court is reversed, and the cause remanded for a new trial.

All the Justices concur, except KANE and HARRISON, JJ., not participating.