Terry L. **GIBBS**, Appellant,

v.

**STATE DEPARTMENT OF REHABIL-ITATION SERVICES**, Appellee.

**No. 82951.**

Court of Appeals of Oklahoma,
Division No. 3.

Aug. 16, 1994.

Rehearing Denied Nov. 1, 1994.

Certiorari Denied Jan. 18, 1995.

Certiorari Denied March 27, 1995.
See 115 S.Ct. 1410.

23. *Thomas v. State,* 888 P.2d at 527.

Terry L. Gibbs, pro se.

Susan B. Loving, Atty. Gen., Mark Lawton Jones, Asst. Atty. Gen., Oklahoma City, for appellee.

## OPINION

HUNTER, Judge:

Appellant had a total hip arthroplasty procedure performed on December 3, 1991. He was given an Individual Rehabilitation Program (IRP) which expired in February, 1992. Under this program, Appellant's rehabilitation costs, including medical appointments, were benefits administered through the State of Oklahoma.

In June, 1992, Appellant made an appointment to see his surgeon in December, 1992. This was not an authorized appointment because it was outside the time limit of the IRP and Appellant had failed to inform his IRP case worker of the appointment he had made. In November, 1992, Appellee learned of the appointment and authorized payment for it because the appointment had already been made. Appellant then cancelled the appointment and the Department refused to authorize any more medical appointments.

Appellant challenged that decision and was afforded an evidentiary administrative hearing. The Administrative Hearing Officer (AHO) found that the evidence established that Appellant's IRP was completed in February, 1992 and that Appellant had scheduled the medical appointment on his own, after the IRP had expired. Appellant sent Vocational Rehab Services a letter on November 18, 1992 stating that he would not keep the appointment he made. Vocational Rehab refused to authorize rescheduling of the medical appointment because the IRP had been completed. The administrative decision upheld the Department's action.

Pursuant to the Oklahoma Administrative Procedures Act, 75 O.S.1991 § 318, Appellant filed a petition for review of the administrative decision in Payne County. The district court, sitting as an appellate court, reviewed the record, examined the briefs filed by the parties and heard oral argument. That court found the administrative decision supported by competent evidence and further found that the decision was not clearly erroneous nor affected by other error of law. It then affirmed the administrative decision.

As allowed by the Oklahoma Administrative Procedures Act, 75 O.S.1991 §§ 322, 323, Appellant asks this court to review the proceeding below. The reviewing court must affirm the agency order if it is found to be "valid and the proceedings are free from prejudicial error to the appellant." 75 O.S. 1991 § 322(3).

■ For his first proposition of error, Appellant asserts that the Department's denial of authorization was based on the use of inapplicable or inappropriate regulations. We have reviewed the record and regulations and do not agree. Appellant had been medically released to seek employment, except for manual labor. The regulations state than when "physical restoration services can result in the removal or alleviation of the disability, services will be limited to the recommended physical restoration services, counseling, guidance and placement only." DRS Manual Policy 340:95–4–3. It is not reasonable to expect to receive authorization for payment of medical services after rehabilitation has been accomplished.

■ Next Appellant argues that the administrative hearing officer failed to make findings of fact essential to the decision. We have reviewed the findings of fact the AHO made and find them sufficient. There is evidence in the record to support the findings and the issues raised by Appellant for decision by the AHO were answered. The rea-

son findings of fact in an administrative quasi-judicial order must sufficiently refer to the supporting evidence is to allow the reviewing court to determine whether the "facts upon which the order is based create a reasonable basis for the order." *Jackson v. Independent School Dist. No. 16,* 648 P.2d 26, 32 (Okl.1982). We are satisfied that the facts are supported by evidence and create a reasonable basis for the order.

■ For his last proposition of error, Appellant asserts that the administrative decision is not supported by substantial evidence. We disagree. The record discloses that Appellant wholly failed to produce competent evidence to carry his burden of proving that the reason his medical appointment was not authorized was because the State was retaliating against him for having filed a different administrative appeal. The State's evidence supported the AHO's conclusions that the medical appointment was not authorized because it was made after the conclusion of Appellant's Individual Rehabilitation Plan. On review, we will not set aside the administrative order in a quasi-judicial matter where the claim is that the order is not supported by the evidence, unless it is "clearly erroneous in view of the reliable, material, probative and substantial competent evidence . . .". 75 O.S.1991 § 322(1)(e). It is error for the reviewing court to substitute its judgment as to the "weight and effect of the evidence . . .". *Board of Examiners of Veterinary Medicine v. Mohr,* 485 P.2d 235, 240 (Okl. 1971).

For these reasons, we affirm the order of the District Court.

AFFIRMED.

GARRETT, V.C.J., and ADAMS, J., concur.