115 F.3d 623
 133 Lab.Cas. P 33,546, 3 Wage & Hour Cas.2d
(BNA) 1727
 Clifford Daniel RAPER, and All Other Similarly Situated
Employees, Appellants,
v.
STATE OF IOWA; Iowa Department of Public Safety, Appellees.
John M. VARNUM, Larry W. Pottridge, and All Other Similarly
Situated Employees, Appellants,
v.
STATE OF IOWA; Iowa Department of Transportation, Appellees.
Clinton PHILLIPS, Kurt Gunther, Larry Farrington, Steve
Faber, Richard Rewis, and All Other Similarly
Situated Employees, Appellants,
v.
DEPARTMENT OF CORRECTIONS; State of Iowa, Appellees.
Duane KENNEDY, and All Other Similarly Situated Employees, Appellants,
v.
The DEPARTMENT OF NATURAL RESOURCES; State of Iowa, Appellees.
 No. 96-2895SI.
 United States Court of Appeals,
Eighth Circuit.
 Submitted Feb. 12, 1997.
Decided June 13, 1997.
 
 Pamela J. Prager, Des Moines, Iowa, argued (R. Todd Gaffney, on the brief), for Appellants.
 Jeffrey D. Farrell, Assistant Attorney General (argued), Des Moines, Iowa, for Appellees.
 Before FAGG, HEANEY, and JOHN R. GIBSON, Circuit Judges.
 FAGG, Circuit Judge.
 
 
 1
 Clifford Daniel Raper and other Iowa state employees brought these lawsuits contending the State of Iowa is liable for unpaid overtime under the Fair Labor Standards Act (FLSA). Relying on Seminole Tribe of Florida v. Florida, --- U.S. ----, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), the district court dismissed the employees' FLSA challenge to the employment practices of various state agencies for lack of subject-matter jurisdiction. See Raper v. Iowa, 940 F.Supp. 1421, 1423-27 (S.D.Iowa 1996). In Seminole Tribe, the Supreme Court concluded that Congress lacks the power to abrogate a state's Eleventh Amendment immunity when it enacts legislation under the Interstate Commerce Clause. See --- U.S. at ---- - ----, 116 S.Ct. at 1126-28; see also Moad v. Arkansas State Police Dep't, 111 F.3d 585, 586-87 (8th Cir.1997) (state employees' FLSA action seeking unpaid overtime was not authorized by the Commerce Clause). On appeal, the employees argue the district court failed to recognize that Congress could have revoked the state's sovereign immunity from their FLSA lawsuits under the enforcement power of the Fourteenth Amendment. Like the Sixth Circuit in Wilson-Jones v. Caviness, 99 F.3d 203, 208-11 (6th Cir.1996), modified on other grounds, 107 F.3d 358 (6th Cir.1997) (per curiam), we reject the employees' argument because the FLSA's overtime provisions cannot be regarded as serving a Fourteenth Amendment purpose, see id. at 210. Although beyond the scope of the issues in these consolidated appeals, we nevertheless make clear that we leave for another day the issue of whether the Fourteenth Amendment gives Congress the power to override a state's Eleventh Amendment immunity for violations of the FLSA's equal pay provisions. See Timmer v. Michigan Dep't of Commerce, 104 F.3d 833, 842 (6th Cir.1997).
 
 
 2
 We thus affirm the judgment of the district court.