117 F.3d 1423
 NOTICE: Eighth Circuit Rule 28A(k) governs citation of unpublished opinions and provides that they are not precedent and generally should not be cited unless relevant to establishing the doctrines of res judicata, collateral estoppel, the law of the case, or if the opinion has persuasive value on a material issue and no published opinion would serve as well.
Michael L. REHBERG, and all other similarly situated
employees; Keith W. Asleson; Theodore K. Hull, Appellants,
v.
IOWA DEPARTMENT OF PUBLIC iowa department of public safety
sued as Department of Public Safety and the State
of Iowa, Appellees.
 No. 96-4258.
 United States Court of Appeals, Eighth Circuit.
 Submitted: July 14, 1997
Filed: July 16, 1997
 
 Appeal from the United States District Court for the Southern District of Iowa.
 Before FAGG, BOWMAN, and MURPHY, Circuit Judges.
 PER CURIAM.
 
 
 1
 Michael L. Rehberg, Keith W. Asleson, and Theodore K. Hull commenced this action under the Fair Labor Standards Act, 29 U.S.C. §§ 201-19 (1994) (FLSA), against their employer--the Iowa Department of Public Safety (DOS) and the State of Iowa--seeking overtime compensation. Upon defendants' motion, the District Court[1] dismissed the action. The court concluded that it lacked subject matter jurisdiction under Seminole Tribe of Florida v. Florida, 116 S.Ct. 1114 (1996), as Iowa had not consented to the suit; the Commerce Clause did not grant Congress the power to abrogate Iowa's Eleventh Amendment immunity from suit; and the FLSA was enacted pursuant to the Commerce Clause. Plaintiffs appeal, arguing that, although the FLSA may have been passed pursuant to the Commerce Clause, Congress subsequently passed an FLSA amendment abrogating the states' immunity pursuant to Congress's enforcement power under Section 5 of the Fourteenth Amendment.
 
 
 2
 Appellants' argument is foreclosed by our recent decision in Raper v. Iowa, 115 F.3d 623, ---- (8th Cir.1997). In Raper, we rejected the argument made by Iowa employees who were seeking overtime compensation that Congress revoked the states' Eleventh Amendment immunity from FLSA lawsuits under the Fourteenth Amendment, because we concluded that the FLSA's overtime provisions cannot be seen as serving a Fourteenth Amendment purpose. See id. Accordingly, the judgment of the District Court is affirmed.
 
 
 
 [1]
 The Honorable Celeste F. Bremer, United States Magistrate Judge for the Southern District of Iowa, to whom the case was referred for final disposition by consent of the parties pursuant to 28 U.S.C. § 636(c) (1994)