**Ethel Lois LARRY, and Denese Pounds, Plaintiffs,**

v.

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA and The University of Alabama at Birmingham, Defendants.**

**No. CV97–H–1370–S.**

United States District Court,
N.D. Alabama,
Southern Division.

Sept. 15, 1997.

Ann C. Robertson, Maury S. Weiner, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, for Plaintiffs.

Lisa Huggins, University of Alabama System Office of Counsel, Birmingham, AL, for Defendants.

### ORDER

HANCOCK, Senior District Judge.

Plaintiffs Ethel Lois Larry and Denese Pounds filed a complaint on June 4, 1997 alleging that defendants discriminated against them because of their sex in job opportunities, wages, promotion, job position titles and other terms and conditions of employment in violation of Title VII and that defendants violated the Equal Pay Act, 29 U.S.C. § 206(d)(1). Plaintiff Larry also asserted a claim of race discrimination in violation of Title VII.

Defendants filed an answer to the complaint and also a motion to dismiss the Equal Pay Act claims for lack of jurisdiction. Defendants rely on *Seminole Tribe v. Florida*, 517 U.S. 609, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996), which held that Congress cannot abrogate a state's Eleventh Amendment immunity unless acting pursuant to a valid exercise of power. In *Seminole Tribe*, the Supreme Court developed a two-question test for determining if Congress properly abrogated a state's sovereign immunity: (1) "whether Congress has 'unequivocally expresse[d] its intent to abrogate the immunity' " and (2) "whether Congress has acted 'pursuant to a valid exercise of power.' " *Seminole Tribe*, 517 U.S. at ——, 116 S.Ct. at 1123. The Court explained that it had previously found authority to abrogate state sovereign immunity under both the Interstate Commerce Clause and section five of the Fourteenth Amendment. *Id.* at ——, 116 S.Ct. at 1125. The Court, however, overruled its prior decisions regarding the Interstate Commerce Clause, concluding that the Interstate Commerce Clause does not provide Congress with the power to abrogate a state's Eleventh Amendment immunity. *Id.* at —— —— ——, 116 S.Ct. at 1131–32. Because Congress originally passed the Equal Pay Act of 1963, an amendment to the Fair Labor Standards Act, ("FLSA"), pursuant to the Interstate Commerce Clause, the Court's decision in *Seminole Tribe* raised the questions of whether the Equal Pay Act is properly applicable to state employers and whether federal courts have jurisdiction to hear such cases. *See* Pub.L. No. 88–38, 77 Stat. 56 (codified as amended at 29 U.S.C. § 206(d)). The FLSA was amended in 1974 to make the FLSA's minimum wage and maximum hour provisions and its equal pay provisions apply to the states, and the amendment also made the Age Discrimination in Employment Act, ("ADEA"), applicable to the states.[1] *See* Fair Labor Standards

---

1. Since *Seminole Tribe*, several circuits have concluded that the FLSA's minimum wage and maximum hour provisions are unconstitutional as applied to the states. *See Mills v. State of Maine*, 118 F.3d 37, 48 (1st Cir.1997); *Wilson–Jones v. Caviness*, 99 F.3d 203, 205–06 (6th Cir.1996); *Raper v. State of Iowa*, 115 F.3d 623, 624 (8th Cir.1997); *Aaron v. State of Kansas*, 115 F.3d 813, 817 (10th Cir.1997). In contrast, at least one circuit deciding whether the ADEA is constitutional as applied to the states concluded that the ADEA was passed pursuant to section five of the Fourteenth Amendment and is therefore constitutional. *See Hurd v. Pittsburg State Univ.*, 109 F.3d 1540, 1545 (10th Cir.1997); *but see MacPherson v. Univ. of Montevallo*, 938 F.Supp. 785,

Amendments of 1974, Pub. L. No. 93–259, 88 Stat. 55 (codified as amended at 29 U.S.C. §§ 201–219).

Since *Seminole Tribe,* the Eleventh Circuit has not ruled on the issue of whether federal courts have jurisdiction over Equal Pay Act claims brought against a state; however, the Sixth Circuit in *Timmer v. Michigan Department of Commerce,* 104 F.3d 833 (6th Cir.1997), specifically addressed the issue.[2] In *Timmer,* the Sixth Circuit found that Congress both intended to and had the power to extend the Equal Pay Act to states. *Timmer,* 104 F.3d at 838–39. The Sixth Circuit first found that Congress showed a clear intent to abrogate the state's immunity by its passage of the definition and enforcement provisions of the FLSA, satisfying the first part of the *Seminole* test. *Id.* at 837. The *Timmer* court noted that the FLSA provisions define "employer" as including a public agency and the term "employee" as including "any individual employed by a State, political subdivision of a State, or an interstate governmental agency." *Id.* at 838 (citing 29 U.S.C. § 203(d), (e)(2)(C), (x)). The *Timmer* court next discussed the second part of the *Seminole* test—whether Congress had the power to abrogate the state's immunity. Relying on an earlier decision involving a Tenth Amendment challenge, where a Sixth Circuit panel held that extension of the Equal Pay Act to state employees was an exercise of Congress' power under section five of the Fourteenth Amendment, the *Timmer* court held that Congress did have the power to abrogate a state's immunity under the Eleventh Amendment. *Id.* at 838–39. The *Timmer* court recognized that Congress did not expressly state the constitutional basis of the 1974 amendments to the FLSA which made the Equal Pay Act applicable to the states; however, the *Timmer* court determined that it was not necessary for Congress specifically to rely on section five of the Fourteenth Amendment because Congress clearly had the power to do so. *Id.*

The existence of the power under section five of the Fourteenth Amendment was sufficient under the Sixth Circuit's analysis. In the earlier case the Sixth Circuit panel did not specify which provision of the Fourteenth Amendment was involved, but the court noted "the Equal Pay Act is an anti-discrimination measure and as such we clearly meant that it should be viewed as an exercise of Congress' power to adopt legislation enforcing the Fourteenth Amendment's guarantees of equal protection under the law." *Id.* at 839 n. 8. After determining that Congress had this power to abrogate pursuant to section five of the Fourteenth Amendment, the Sixth Circuit determined that federal courts have jurisdiction over actions brought by state employees under the Equal Pay Act. *Id.*

■ The court has difficulty concluding that federal courts have jurisdiction over Equal Pay Act claims brought against a state since, as plaintiffs argue, the only power Congress has to abrogate the states' Eleventh Amendment immunity is found in the power under section five of the Fourteenth Amendment to enforce the Equal Protection Clause of the Fourteenth Amendment. In *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976), the Court held that an equal protection claim must include an element of intent. "In order to establish an equal protection clause violation, a plaintiff must demonstrate that a challenged action was motivated by an intent to discriminate." *Elston v. Talladega County Bd. of Educ.,* 997 F.2d 1394, 1406 (11th Cir.1993) (citing *Washington,* 426 U.S. at 239–48, 96 S.Ct. at 2047–52). A claim under the Equal Pay Act does not require this intent element as a plaintiff "is not required to prove discriminatory intent on the part of the defendant" and may prove a prima facie case under the Equal Pay Act by proving the disparity in pay between substantially similar jobs. *Meeks v. Computer Associates Int'l.,* 15 F.3d 1013, 1019 (11th Cir.1994). In light

789 (N.D.Ala.1996); *Humenansky v. Board of Regents of the Univ. of Minnesota,* 958 F.Supp. 439, 443 (D.Minn.1997).

**2.** District courts deciding this issue since *Timmer* have followed the *Timmer* court's rationale. *See*

*Ussery v. State of Louisiana,* 962 F.Supp. 922, 928 (W.D.La.1997); *Gehrt v. Univ. of Illinois at Urbana–Champaign,* 974 F.Supp. 1178, 1189 (C.D.Ill. 1997).

**1450**

of *Washington v. Davis*'s intent requirement, it makes no sense to say that Congress has the power to override the Eleventh Amendment and enforce the Equal Protection Clause against a state by applying to the state a cause of action under the Equal Pay Act which does not include the element of intent. Plaintiffs argue *Scott v. City of Anniston,* 597 F.2d 897 (5th Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980),[3] where the court held that a plaintiff does not have to prove intent in a Title VII disparate impact claim against a municipality. *Scott,* 597 F.2d at 898. But in making Title VII applicable to municipalities, as well as other non-state governmental agencies, Congress did not have to overcome a state's Eleventh Amendment immunity. *Scott* does not resolve the issue raised by defendants' motion as *Scott* did not have to address the Eleventh Amendment. The court is satisfied that, under *Seminole Tribe, Congress lacked the power* to abrogate Eleventh Amendment immunity with regard to the FLSA's minimum wage and maximum hour provisions; the court is also satisfied that, under *Seminole Tribe, Congress likely had the power* to abrogate the Eleventh Amendment immunity with regard to an ADEA claim since such a claim embraces the intent element required by *Washington v. Davis,* with regard to equal protection claims; but, while the matter is by no means certain, the court concludes that, under *Seminole Tribe, Congress lacked the power* to abrogate Eleventh Amendment immunity and make the Equal Pay Act provision of the FLSA applicable to the states since an Equal Pay Act claim is not premised upon intentional discrimination.

The motion of defendants to dismiss the Equal Pay Act claims is GRANTED and the claims for alleged violation of the Equal Pay Act are DISMISSED, without prejudice to plaintiffs' remaining Title VII claims.

---

**3.** Decisions of the former Fifth Circuit prior to September 30, 1981 are binding precedent on the Eleventh Circuit. *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981).