**Ethel Lois LARRY, and Denese Pounds, Plaintiffs,**

v.

**BOARD OF TRUSTEES OF THE UNIVERSITY OF ALABAMA and the University of Alabama at Birmingham, Defendants.**

**United States of America, Intervenor.**

**No. CV97–H–1370–S.**

United States District Court,
N.D. Alabama,
Southern Division.

March 20, 1998.

---

Ann C. Robertson, Maury S. Weiner, Gordon, Silberman, Wiggins & Childs, Birmingham, AL, for Plaintiffs.

G. Douglas Jones, U.S. Attorney, U.S. Attorney's Office, Birmingham, AL, Marybeth Martin, Sharon A. Seeley, Bill Lann Lee, U.S. Department of Justice–Employment Litigation Section, Civil Rights Division, Washington, DC, for United States of America, intervenor.

Lisa Huggins, University of Alabama System, Office of Counsel, Birmingham, AL, for Board of Trustees of the University of Alabama and the University of Alabama at Birmingham, defendant.

## ORDER

HANCOCK, Senior District Judge.

The court has before it the December 19, 1997 motion by the United States, as intervenor, for reconsideration of this court's October 3, 1997 denial of plaintiffs, motion for reconsideration[1] of the September 15, 1997[2] order which dismissed plaintiff's Equal Pay Act claims. The United States filed a complaint in intervention and a memorandum in support of its motion on December 22, 1997. Defendants filed a responsive brief on January 20, 1998. While the court hereby GRANTS the December 19, 1997 motion for reconsideration, upon such reconsideration, the court RATIFIES and AFFIRMS its September 15, 1997 decision after a consideration of the December 22, 1997 memorandum of intervenor and defendants' January 20, 1998 response. The court finds the rationale of the United States unpersuasive because the case law cited by intervenor is simply inapplicable to the case at issue. While the United States argues that the Supreme Court and the Eleventh Circuit have held that Congress has the power under section five of the Fourteenth Amendment to enact legislation which applies a non-intent standard to the states, it cites the court to no case that addresses the issue where a state or state agency was the party to the litigation and immunity under the Eleventh Amendment was raised, which is the matter decided by the September 15, 1997 order. The United States cites several cases addressing the applicability of statutes *to municipalities.*[3] As discussed in the portion of the September 15, 1997 opinion addressing *Scott v. City of Anniston,* 597 F.2d 897 (5th Cir.1979), *cert. denied,* 446 U.S. 917, 100 S.Ct. 1850, 64 L.Ed.2d 271 (1980), when making statutes applicable to municipalities and other non-state governmental agencies, Congress did not have to overcome a state's Eleventh Amendment immunity. This court finds any discussion of the Eleventh Amendment in cases addressing the liability of a municipality to be at most dicta when con-

1. On December 19, 1997 the court granted the motions of intervenor for certification and intervention, and since the originally requested relief was mooted by an order entered October 3, 1997, the court treated the intervenor's December 19, 1997 motion as seeking reconsideration of the October 3, 1997 order denying plaintiffs' September 17, 1997 motion for reconsideration of the September 15, 1997 order.

2. *Larry, et. al. v. Board of Trustees of the University of Alabama, et. al.,* 975 F.Supp. 1447 (N.D.Ala. 1997).

3. The cases cited by the United States involving a municipality include, among others, *United States v. City of Chicago,* 573 F.2d 416 (7th Cir.1978); *Detroit Police Officers' Association v. Young,* 608 F.2d 671 (6th Cir.1979); *Blake v. City of Los Angeles,* 595 F.2d 1367 (9th Cir.1979).

fronted with the applicability of a statute to a state or state agency enjoying Eleventh Amendment immunity. Therefore, even if the Eleventh Amendment is addressed in a case involving a municipality, it is of no great consequence because *states* are protected by the Eleventh Amendment while *municipalities* are not. *See Will v. Michigan Dept. of State Police,* 491 U.S. 58, 70, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). One municipality case the United States relies heavily upon is the recent Supreme Court decision *City of Boerne v. Flores,* — U.S. ——, 117 S.Ct. 2157, 138 L.Ed.2d 624 (1997). In *Flores,* the Supreme Court held that the Religious Freedom Restoration Act of 1993 exceeded Congress' enforcement powers under Section 5 of the Fourteenth Amendment. *Flores,* 117 S.Ct. at 2170–2172. Not only does *Flores* fail to address the Eleventh Amendment, the holding in *Flores* that Congress exceeded its power under Section 5 of the Fourteenth Amendment in passing the RFRA appears to support the argument that Congress has exceeded those very powers in applying the Equal Pay Act to the states.

The United States also relies on several cases which involve the Voting Rights Act. 42 U.S.C. § 1973 *et seq.* For example, the United States cites *City of Rome v. United States,* 446 U.S. 156, 100 S.Ct. 1548, 64 L.Ed.2d 119 (1980), which is inapplicable because it does not in any way involve the Eleventh Amendment. Further, *City of Rome* was an action for declaratory relief and not monetary damages,[4] and addressed only Congress' power to pass legislation under the Fifteenth Amendment, not under section five of the Fourteenth Amendment.

In addition to the cases addressing the applicability of statutes to municipalities and the Voting Rights Act cases, the United States cites *Fitzpatrick v. Bitzer,* 427 U.S. 445, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976), a case that involved Title VII before the 1991 amendments. Before those amendments, Title VII only provided for *equitable* relief. *See United States v. Burke,* 504 U.S. 229, 238, 112 S.Ct. 1867, 119 L.Ed.2d 34 (1992).

Any cases addressing pre–1991 Title VII claims are, like the Voting Rights Act cases, inapplicable to the case at issue because the EPA provides for recovery of monetary damages.[5] The discussion of the Eleventh Amendment in the pre–1991 Title VII cases simply does not address the issue as it relates to claims for monetary damages from a state or state agency enjoying Eleventh Amendment immunity.

---

**4.** *See Green v. Mansour,* 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).

**5.** The other pre–1991 Title VII cases cited by the United States are inapplicable for the same reasons. *See e.g., United States v. Virginia,* 620 F.2d 1018 (4th Cir.1980).