72 F.Supp.2d 735 (1999)
Roseann BUNT (Krannich), Plaintiff,
v.
TEXAS GENERAL LAND OFFICE, Defendant.
No. CIV.A. H-98-3334.
United States District Court, S.D. Texas, Houston Division.
November 17, 1999.
*736 Jonathan Gol, Houston, TX, for plaintiff.
Robert B. O'Keefe, Office of Texas Atty. Gen., Austin, TX, for Defendant.

ORDER
HITTNER, District Judge.
Pending before the Court is the Motion to Dismiss filed by the defendant Texas General Land Office ("TGLO"). Having considered the motion, submissions, and applicable law, the Court determines that the Motion to Dismiss should be granted.
Plaintiff Roseann Bunt (Krannich) filed this complaint seeking redress pursuant to the Fair Labor Standards Act ("FLSA") for recovery of overtime payments, 29 U.S.C. § 201, et seq. Plaintiff also asserted state law claims of promissory estoppel, detrimental reliance, intentional fraud, unconscionable acts, and breach of contract. Krannich, an employee of the Texas General Land Office, alleges that she is entitled to overtime compensation for 103.25 hours as of the date of her termination on November 28, 1995.
Defendant TGLO filed a motion to dismiss arguing that the plaintiff's claims must be dismissed pursuant to Fed. R.Civ.P. 12(b)(1) and 12(b)(6). TGLO first argues that this Court does not have jurisdiction over the FLSA claims because the TGLO, an agency of the State of Texas, is immune from suit pursuant to the Eleventh Amendment of the United States Constitution.
In considering a motion to dismiss, this Court must accept all well-pleaded facts as true and must view them in the light most favorable to the plaintiff. Berkovitz v. United States, 486 U.S. 531, 540, 108 S.Ct. 1954, 100 L.Ed.2d 531 (1988); Campbell v. City of San Antonio, 43 F.3d 973, 975 (5th Cir.1995). Dismissal is appropriate only when it appears beyond doubt that the plaintiff would not be able to prevail under any set of facts in support of his or her claim. Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).
The Eleventh Amendment affirms the fundamental principal of sovereign immunity and establishes a limitation on the jurisdiction of the Article III federal courts. See Pennhurst State School & Hosp. v. Halderman, 465 U.S. 89, 97-98, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984) (discussing the genesis of the Eleventh Amendment). The Eleventh Amendment states:
The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another state, or *737 by Citizens or Subjects of any Foreign State.
U.S. Const. Amend. XI. The Amendment has been construed to apply to suits against the State by its own citizens or citizens of other states. Hans v. Louisiana, 134 U.S. 1, 21, 10 S.Ct. 504, 33 L.Ed. 842 (1890). Thus, the Eleventh Amendment protects the fundamental constitutional balance between the federal government and the States by barring private suits against States and state agencies in federal court. Alabama v. Pugh, 438 U.S. 781, 782, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978).
Because the balance between the federal government and the States is essential to the federalist system of government, abrogation of Eleventh Amendment immunity can only occur through two specific and deliberate mechanisms. First, the State may expressly waive its immunity. Edelman v. Jordan, 415 U.S. 651, 673, 94 S.Ct. 1347, 39 L.Ed.2d 662 (1974). Second, Congress may abrogate Eleventh Amendment immunity, but only if two requirements are met: Congress must express an intent to abrogate state immunity, and the legislative action must be "pursuant to a valid exercise of power." Green v. Mansour, 474 U.S. 64, 68, 106 S.Ct. 423, 88 L.Ed.2d 371 (1985).
Unilateral federal abrogation of state sovereign immunity requires an "unequivocal expression of congressional intent." Pennhurst, 465 U.S. at 100, 104 S.Ct. 900. Because "it is incumbent upon the federal courts to be certain of Congress' intent before [that] finding federal law overrides the guarantees of the Eleventh Amendment," abrogation will be effected only when the intent to abrogate is "stated by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction." Atascadero State Hosp. v. Scanlon, 473 U.S. 234, 239, 105 S.Ct. 3142, 87 L.Ed.2d 171 (1985).[1]
If a federal court finds that Congress intended to abrogate immunity, the court must next determine whether Congress, in enacting specific legislation, was acting pursuant to a source of power sufficient to allow it to abrogate state sovereign immunity. The United States Supreme Court has identified only two potential sources of abrogation power in the Constitution. First, the Court has found that the enforcement provision of section 5 of the Fourteenth Amendment has the effect of "expanding federal power at the expense of state autonomy." Fitzpatrick v. Bitzer, 427 U.S. 445, 455, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976). Second, the Commerce Clause has been identified as a source of abrogation power. See Pennsylvania v. Union Gas Co., 491 U.S. 1, 14, 109 S.Ct. 2273, 105 L.Ed.2d 1 (1989). Union Gas, however, has been overruled, leaving the Fourteenth Amendment as the only valid source of congressional power to abrogate state sovereign immunity. Seminole Tribe v. Florida, 517 U.S. 44, 116 S.Ct. 1114, 1128, 134 L.Ed.2d 252 (1996). Thus, in order for a federal court to have jurisdiction to hear a cause of action brought against a State for violation of federal law, the legislation must have been passed by Congress pursuant to its power to enforce the provisions of the Fourteenth Amendment.
In light of the foregoing, this Court must determine first, whether Congress intended for the FLSA to be enforceable against state employers in federal court, and second, whether any attempted abrogation of Eleventh Amendment immunity *738 constituted a valid exercise of congressional power. Several other circuits have held that FLSA claims brought by a private citizen against a state in federal court are barred by Eleventh Amendment Immunity. See Powell v. Florida, 132 F.3d 677 (11th Cir.), cert. denied, ___ U.S. ___, 118 S.Ct. 2297, 141 L.Ed.2d 158 (1998); Moad v. Arkansas, 111 F.3d 585 (8th Cir.1997); Raper v. Iowa, 115 F.3d 623 (8th Cir.1997); Wilson-Jones v. Caviness, 99 F.3d 203 (6th Cir.1996). While the Fifth Circuit has not yet addressed this issue, this Court finds no compelling reason to depart from the reasoning of these other circuits. The FLSA appears to have been enacted pursuant to the Commerce Clause and has been so construed. 29 U.S.C. § 202(b) ("It is declared to be the policy of this Act, through the exercise by Congress of its power to regulate commerce among the several states ...."); United States v. Darby, 312 U.S. 100, 115, 61 S.Ct. 451, 85 L.Ed. 609 (1941).
When it first addressed the issue of suits brought under the FLSA in federal court, the Supreme Court held that, although the FLSA created a federal right under the Commerce Clause, the Eleventh Amendment prohibited FLSA suits from being brought in federal court. See Employees of the Dep't of Pub. Health & Welfare v. Department of Pub. Health & Welfare, 411 U.S. 279, 299, 93 S.Ct. 1614, 36 L.Ed.2d 251 (1973). Subsequently, the Court held that Congress was barred by the Tenth Amendment from applying the provisions of the FLSA to States "in areas of traditional governmental functions." See National League of Cities v. Usery, 426 U.S. 833, 852, 96 S.Ct. 2465, 49 L.Ed.2d 245 (1976). The Supreme Court later overruled Usery in Garcia v. San Antonio Metro. Transit Authority, 469 U.S. 528, 557, 105 S.Ct. 1005, 83 L.Ed.2d 1016 (1985), holding that the application of the FLSA to state employers does not violate the Tenth Amendment. The Court proceeded to find that Congress had Commerce Clause power to abrogate state immunity from suit in federal court. See Union Gas Co., 491 U.S. at 19-20, 109 S.Ct. 2273. Ultimately, however, the Court retreated from its position in Union Gas and held that state sovereign immunity could not be abrogated pursuant to Congress' Commerce Clause power. Seminole Tribe, 116 S.Ct. at 1128.
Based upon the foregoing, this Court finds that it lacks jurisdiction to hear plaintiff's claim for overtime wages under the FLSA as the FLSA was passed pursuant to congressional Commerce Clause power, a source of power insufficient to abrogate state sovereign immunity. Therefore, plaintiff's FLSA claim must be dismissed.
Plaintiff's state law claims of promissory estoppel, detrimental reliance, fraud, unconscionable acts, and breach of contract should also be dismissed. The Court has reviewed the plaintiff's complaint and determines that she has failed to state a claim for which relief may be granted for these claims. Moreover, with respect to the state law claims that sound in contract, the Texas Supreme Court has expressly held that the state is immune from suit arising from breach of contract claims. Federal Sign v. Texas Southern University, 951 S.W.2d 401, 407 (Tex.1997). As such, plaintiff's state law claims should be dismissed.
As this Court has dismissed plaintiff's federal FLSA claim, her remaining claims are purely matters of state law. Pursuant to 28 U.S.C. § 1367(c), the Court declines to exercise jurisdiction over the pendent state law claims. See McClelland v. Gronwaldt, 155 F.3d 507, 519 (5th Cir.1998) (stating that in the usual case where all federal claims are eliminated prior to trial, the balance of factors to be considered under the supplemental jurisdiction doctrine will point towards declining to exercise jurisdiction over the remaining state law claims).
In response to the motion to dismiss, plaintiff for the first time asserts that if this Court determines that the *739 FLSA claims are barred by immunity, then she is asserting a claim under the Equal Pay Act. However, plaintiff has never sought leave of Court to amend her complaint to add a claim under the Equal Pay Act. The scheduling order governing this case provides for a deadline of August 1, 1999 to amend pleadings. Plaintiff has never requested an extension of this deadline to amend her complaint. Accordingly, plaintiff's attempt to add an Equal Pay Act cause of action via the response to a motion to dismiss is improper.
Based on the foregoing, the Court hereby
ORDERS that the Motion to Dismiss is GRANTED.

FINAL JUDGMENT
As the Court has granted the defendant's motion to dismiss, the Court hereby ORDERS that Judgment be entered in favor of the defendant.
THIS IS A FINAL JUDGMENT.
NOTES
[1] In Atascadero, the Court required an expression of the intent to abrogate in the "unmistakable language in the statute" itself, implying that legislative history could not be used to discern Congress' intent. Atascadero, 473 U.S. at 242, 105 S.Ct. 3142. In a later case brought under the Education of the Handicapped Act, 20 U.S.C. §§ 1400-1485, the Court required that the intent be expressed textually and refused to consider legislative history. See Dellmuth v. Muth, 491 U.S. 223, 230, 109 S.Ct. 2397, 105 L.Ed.2d 181 (1989).