2014 OK 39

Chester ROUSE, Plaintiff/Appellant,

v.

GRAND RIVER DAM AUTHOR-ITY and Daniel S. Sullivan, Defendants/Appellees.

No. 112058.

Supreme Court of Oklahoma.

May 13, 2014.

As Corrected May 20, 2014.

James C. Thomas, William D. Thomas, Thomas Law Firm PLC, Tulsa, Oklahoma, for Plaintiff/Appellant.

J. Heath Lofton, Grand River Dam Authority, Vinita, Oklahoma, for Defendants/Appellees.

REIF, V.C.J.

¶1 On February 25, 2013, Chester Rouse filed a wrongful termination suit against the Grand River Dam Authority (GRDA) and Daniel S. Sullivan. The petition alleged GRDA and Mr. Sullivan terminated Mr. Rouse on February 17, 2012, in retaliation for filing an overtime complaint under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201 through § 219. Retaliation for filing such a complaint is forbidden by section 215(a)(3) and is actionable under section 216(b). Mr. Rouse also alleged the termination of his employment for filing this complaint violated Oklahoma public policy protecting whistleblowers who make external reports of unlawful activity by their employers.

¶2 GRDA and Mr. Sullivan filed a motion to dismiss for failure to state a claim upon which relief can be granted. The motion to dismiss argued (1) sovereign immunity barred suit against GRDA and Mr. Sullivan on the federal claim and (2) Mr. Rouse had a remedy under the Oklahoma Whistleblower Act and, therefore, a tort claim was not available to protect the public policy that encourages reports of unlawful activity by employers.

¶3 The trial court granted the motion to dismiss and Mr. Rouse appealed. We retained this appeal and, upon review, affirm the dismissal.

¶4 When reviewing a motion to dismiss for failure to state a claim, the allegations in the petition must be taken as true. *Indiana National Bank v. State of Okla-homa Department of Human Services,* 1994 OK 98, ¶3, 880 P.2d 371, 375. Applying this rule to the petition in the case at hand establishes certain dispositive facts that dictate Mr. Rouse has failed to state a claim upon which relief can be granted.

¶5 The first dispositive fact of consequence is Mr. Rouse's status as an employee of GRDA at the time he made the overtime complaint. The other dispositive facts concern GRDA's status, Mr. Sullivan's status and Mr. Sullivan's actions.

¶6 By statute, "employees of [GRDA] are both classified and unclassified *state employees* subject to the same benefits and restrictions applicable to all state agencies except as otherwise provided by statute." 82 O.S.2011, § 861A (emphasis added). This same statute also states "[GRDA] is a nonappropriated *agency of the State of Oklahoma* ... subject to the laws of the state as they apply to state agencies except as specifically exempted by statute." *Id.*

¶7 The Legislature has expressly provided that "The Grand River Dam Authority shall be under the Merit System," 74 O.S.2011, § 840–5.7(A). The Oklahoma Whistleblower Act, 74 O.S.2011, § 840–2.5 applies to "any state employee" aggrieved pursuant to the Act, and provides for proceedings before the Merit Protection Commission to seek relief for an alleged violation of the Act. In fact, the Legislature has specially charged the Merit Protection Commission with responsibility to enforce the Whistleblower Act. 74 O.S.2011, § 840–2.6 Neither GRDA nor its employees are specifically exempted from the Whistleblower Act.

¶8 As a "state employee," Mr. Rouse's conduct in filing the overtime complaint was protected by § 840–2.5(B)(2) of the Act. This Court has previously held that the remedies and penalties provided by the Whistleblower Act are adequate to protect the public policy of encouraging state employees to report wrongdoing and, therefore, a tort claim for discharge in violation of public policy is not available to a discharged whistleblower employee. *Shephard v. Comp-Source Oklahoma,* 2009 OK 25, ¶12, 209 P.3d 288, 293.

¶ 9 As concerns GRDA's status for purposes of sovereign immunity, we observe that the statute creating GRDA states, in pertinent part, "[GRDA] shall be, and hereby is declared to be, a governmental agency of the State of Oklahoma, body politic and corporate, with powers of government ..." 82 O.S.2011, § 861. This Court has previously held that GRDA's status as "a governmental agency of the State of Oklahoma" makes GRDA "a governmental entity intended to be encompassed within the protective cloak of [the Governmental Tort Claims Act]," including the Act's adoption of sovereign immunity. *Mustain v. Grand River Dam Authority*, 2003 OK 43, ¶ 20, 68 P.3d 991, 998. This protective cloak of sovereign immunity bars private actions in state courts against state agency employers under the FLSA. *Freeman v. State ex rel. Department of Human Services*, 2006 OK 71, ¶¶ 2 & 10, 145 P.3d 1078, 1080.

¶ 10 We are cognizant that federal courts have held that Congress may abrogate state sovereign immunity for the enforcement of certain claims under the FLSA. However, such abrogation is appropriate for equal pay claims where there is an equal protection interest under the 14th Amendment to the United States Constitution, but not for the enforcement of overtime claims. *See Raper v. State of Iowa*, 115 F.3d 623 (8th Cir.1997)

¶ 11 In addition to asserting liability against GRDA, Mr. Rouse also contended that Mr. Sullivan individually is a proper defendant. The petition alleges that Mr. Sullivan was the "General Manager" and "Chief Executive Officer" of GRDA. Although not specifically naming Mr. Sullivan, a liberal reading of the petition reveals that Mr. Sullivan participated in and shared responsibility with GRDA for "a continuing course of retaliation [against Mr. Rouse] for making his complaint to the Department of Labor, Wage and Hour Division."

¶ 12 In addition, Mr. Rouse's first response to the Defendants' motion to dismiss identi-

fies Mr. Sullivan as the "head of GRDA" and "the person who fired [Mr. Rouse] because he filed a claim with the Wage and Hour Division of the Federal Department of Labor." This response asserts: "When any official, including Daniel Sullivan, is willing to violate federal law, he cannot be acting in the scope of his official duties [and] has no claim of immunity." The response further states that "the decision to include Mr. Sullivan as a Defendant" was based on the request for injunctive relief to be reinstated. The response indicates that an order to reinstate Mr. Rouse "will do nothing more than command[ ] Mr. Sullivan to 'refrain from violating federal law.' "

¶ 13 In his second response to the motion to dismiss, Mr. Rouse alleged Mr. Sullivan "ignored the prohibition against retaliating against an employee who files a wage claim with the Federal Department of Labor." Mr. Rouse maintains that this "departure from the federal mandate addressed in the Fair Labor Standards Act [establishes] he was not acting within the scope of his authority."

¶ 14 In essence, Mr. Rouse contends Mr. Sullivan's decision to terminate him in violation of the Fair Labor Standards Act and the Whistleblower Act demonstrates a lack of good faith that would take Mr. Sullivan outside the scope of his employment. Despite the compelling logic of this position, this Court has said: "The fact that [the] decision to terminate ... was contrary to policy prohibiting the termination does not alone take that decision outside the scope of [the decision maker's] employment." *Shephard*, 2009 OK 25, at ¶ 19, 209 P.3d at 294.

¶ 15 As we explained, "[a]cting in good faith and using poor judgment are not mutually exclusive, and use of poor judgment does not, without more, exceed the scope of employment." *Id.* at ¶ 18, 209 P.3d at 294. Where the termination decision is ratified by the governmental entity,[1] such ratification

---

1. The petition in error in related appeal No. 112,637, *Rouse v. Oklahoma Merit Protection Commission & Grand River Dam Authority*, reflects that GRDA defended Mr. Sullivan's termination of Mr. Rouse before the Merit Protection Commission and in the district court. An appel-

late court may take judicial notice of its own records in litigation interconnected with the cause before it. *Myers v. Lashley*, 2002 OK 14, ¶ 5, n. 8, 44 P.3d 553, 556; *Matter of C.A.D.*, 1992 OK 89 ¶ 5, n. 10, 839 P.2d 165, 169. We take judicial notice only of GRDA's ratification of

establishes prima facie that the decision maker acted in good faith and did not act contrary to the entity's interests. *Id.* at ¶ 17, 209 P.3d at 294. Preserving immunity from private liability for state employees in such circumstances "allows [state employees] to perform their duties and make decisions on behalf of the State free from fear of suit." *Id.* at ¶ 20, 209 P.3d at 294.

¶ 16 The fact that Mr. Rouse cannot pursue an action in court against GRDA or Mr. Sullivan does not mean that Mr. Rouse is without recourse. "The Legislature has provided (1) an appeal to the Oklahoma Merit Commission to any state employee or former state employee aggrieved pursuant to [the Whistleblower Act], and (2) corrective action against any employee found to have violated the Whistleblower Act." *Id.* at ¶ 5, 209 P.3d at 291 (citing 74 O.S.Supp.2008, § 840–2.5(G) and (H); identical to the current version, 74 O.S.2011, § 840–2.5(G) and (H)).

¶ 17 "These dual remedies provide relief to the offended employee and sanctions for the offending supervisor or agency official." *Id.* at ¶ 6, 209 P.3d at 291–92. "Relief provided to the whistleblower on appeal to the Merit Protection Commission includes (1) reinstatement, (2) back pay and other benefits in appropriate cases, and (3) expungement of the adverse action from any and all of the employee's personnel records." *Id.* (citation omitted). "A prevailing employee can also be awarded attorney fees and costs when the employee can demonstrate by a preponderance of the evidence the position of the non-prevailing party was without a reasonable basis or was frivolous." *Id.*

¶ 18 The sanctions that can be imposed on an offending supervisor or agency official include suspension without pay, demotion or discharge. 74 O.S.2011, § 840–2.5(H). A suspended or demoted employee shall also be placed on six months probation. In addition, "Any employee, supervisor or appointing authority of any state agency ... who *knowingly and willfully* violates [the Whistleblower Act] shall forfeit [their position] and be ineligible for appointment to or employment in a position in state service for a period of at

least one (1) year and no more than five (5) years." *Id.* (emphasis added). The term appointing authority of an agency is generally defined to mean the chief administrative officer of an agency, 74 O.S.2011, § 840–1.3(3).

¶ 19 We again stress that jurisdiction over protected whistleblower conduct and retaliation, including power to impose the remedies and penalties under the Act, lies with the Merit Protection Commission. 74 O.S.2011, § 840–2.5(G) and (H) and § 840–2.6. We also stress that a private right of action is *not* one of the remedies given by the Legislature to enforce the Whistleblower Act and that state employees are limited to the remedies provided in the Whistleblower Act. *Shephard,* 2009 OK 25, at ¶¶ 7 & 12, 209 P.3d at 292–293.

¶ 20 The relationship between state employees and those who hire and fire them is one of the core sovereign interests of the State of Oklahoma. In the Whistleblower Act, the Legislature has balanced the need for supervisors and the appointing authorities to manage employees who carry out their agency's mission against the benefits of having those employees report "a violation of ... state or federal law" in the operation of the agency. The Legislature has determined that this state's sovereign interest is better served by the remedies and penalties in the Whistleblower Act, rather than by a suit in court.

¶ 21 In the absence of specific statutory authority to the contrary, supervisors and appointing authorities are cloaked with sovereign immunity from private suits for personnel decisions that the Merit Protection Commission may later find to violate the Whistleblower Act. Instead of private suits, they are subject to the remedies and penalties of the Whistleblower Act if, after investigation as provided in subsection (G) and hearing as provided in subsection (H), the Merit Protection Commission determines their personnel decisions violated the Act.

¶ 22 In conclusion, we hold the trial court correctly ruled that Mr. Rouse failed to state a claim upon which relief can be granted and

Mr. Sullivan's action and express no opinion about the merits of appeal No. 112,637.

properly dismissed this suit. Accordingly, the dismissal is affirmed.

**DISMISSAL AFFIRMED.**

¶ 23 ALL JUSTICES CONCUR.