STATE INSURANCE FUND, Plaintiff in Error,

v.

Jake FELDGREBER, doing business as Sapulpa Pipe and Supply Company, Defendant in Error.

No. 37584.

Supreme Court of Oklahoma.

Oct. 22, 1957.

Mont R. Powell, Fred Albert, Oklahoma City, Moraul Bosonetto, Sapulpa, for plaintiff in error.

Collins & Moore, Sapulpa, for defendant in error.

DAVISON, Justice.

The parties to this appeal will be referred to as they appeared in the trial court, that is, plaintiff in error will be referred to as defendant and defendant in error as plaintiff.

·The record in this case discloses that plaintiff, Jake Feldgreber, doing business as Sapulpa Pipe and Supply Company, was on and prior to May 15, 1955, engaged in the scrap iron and metal business in the City of Sapulpa, Oklahoma, and on that day made application to the State Insurance Fund for a Workmen's Compensation Insurance Policy covering his employees. A check for $250 was inclosed to pay the premium. The Fund on this application declined to issue the policy and on December 5, 1955, notified plaintiff in a letter written by an employee of the Insurance Fund returning to plaintiff his check for the premium and stated that it was unable to write the policy until he had employed in his business two or more employees and when he had obtained sufficient employees to come within the provisions of the Compensation Act it would be glad to mail him an application.

On the 22nd day of December, 1955, plaintiff made a second application to defendant State Insurance Fund for a Workmen's Compensation Policy and inclosed a check for $250 therewith to pay the premium which application was received by defendant on the 22nd day of December 1955, and was by the State Insurance Fund Commissioner rejected on that date on the ground that the annual payroll of plaintiff was only $18,000 which made the risk an unsafe risk for the Fund to carry. The Commissioner then forwarded the application to the underwriters department with instructions to notify plaintiff of such action. This was during the Christmas Holiday Season and the office of the State Insurance Fund closed on the morning of December 23, 1955, and remained closed until the 27th day of December 1955. On December 29, 1955, an employee of the underwriters department wrote a letter to plaintiff notifying him of the rejection of his application but the letter was not mailed until the 30th day of December and was received by plaintiff on the 31st day of December, 1955.

In the meantime and on December 28, 1955, one Richard Willis Fagen, an employee of plaintiff, while engaged in the course of his employment sustained an accidental injury resulting in his death. On January 10, 1956, Pauline Fagen, surviving widow of deceased, filed a claim against

plaintiff herein, Jake Feldgreber, employer of deceased, for compensation under the death benefit provisions of the Workmen's Compensation Act.

On January 11, 1956, plaintiff herein gave written notice to the State Insurance Fund of the accident sustained by its employee, Fagen, and of his resulting death and at the same time demanded of the State Insurance Fund that it assume liability for such accident and that it proceed to defend the claim as against him. Thereafter plaintiff received a letter from the State Insurance Fund denying liability and refusing to defend claimant's claim.

On February 1, 1956, an award was entered by the State Industrial Commission awarding Mrs. Fagen compensation in the sum of $13,500. No appeal has been taken from this award.

On the 9th day of February 1956, plaintiff brought an action against State Insurance Fund to recover damages because of the failure of defendant to notify him of the rejection of his application for insurance within a reasonable time after its rejection.

Plaintiff in substance pleads the above state of facts and in addition thereto alleged that by reason of the failure of defendant to defend the compensation case against him he was obligated to employ counsel to defend the action and incurred other expenses in relation thereto in the sum of $500; that he was further damaged in the sum of $13,500 by virtue of the award rendered against him by the State Industrial Commission and prays judgment against defendant Fund in the sum of $14,000.

Defendant thereafter filed a motion to dismiss the case on the ground that the court had no jurisdiction over its person and the subject-matter of the action for the reason that it is a department of the State and is therefore not liable in tort for the negligence of its officers and employees, which motion was overruled.

Defendant also filed a motion to strike paragraph 4 of plaintiff's petition and sub-paragraphs 2 and 3 of paragraph 5 of plaintiff's petition for the reason that the allegations contained in said paragraphs stated no cause of action against it. The court also denied this motion.

Defendant assigns these rulings as error. We shall discuss these assignments later in this opinion.

At the close of the evidence a controversy arose as to whether plaintiff's petition stated a cause of action in tort to recover damages because of negligence of defendant's employees in failing to give plaintiff notice of the rejection of his application within a reasonable time or whether it pleaded a cause of action based on breach of an implied agreement or contract on the part of the defendant State Insurance Fund to do so.

The trial court stated that in his opinion the petition stated a cause of action on either theory and suggested that plaintiff should be required to elect upon which theory he would rely to recover.

The attorney for State Insurance Fund, defendant, then moved the court to require plaintiff to elect upon which theory he would rely for recovery which the court did. Plaintiff then stated that since he was required by the court to elect he would elect to recover on the theory of breach of an implied contract and the case was submitted to the jury on that theory and a verdict returned in favor of plaintiff for the full amount claimed. Judgment was entered on the verdict.

Defendant appeals. Its first proposition is that the State Insurance Fund is a department of the State of Oklahoma and as such is not liable for the torts of its officers and employees and the court therefore should have sustained its motion to dismiss. In support of such contention it cites Ford v. State, 183 Okl. 386, 82 P.2d 1045; Wright v. State, 192 Okl. 493, 137 P.2d 796; Mountcastle v. State, 193 Okl. 506, 145 P.2d 392.

These cases hold that the state in the absence of an express statute creating liability therefor is not liable in civil ac-

tions for damages for the neglect of its officers or employees performing or failing to perform their duties as such employees.

As applied to the State Insurance Fund in State ex rel. State Insurance Fund v. District Court of Oklahoma County, Okl., 278 P.2d 841, the court held:

> "The provisions of 85 O.S.1951 § 133(1) authorizing the State Insurance Fund Commissioner to 'sue and be sued in all courts of the state' refers only to matters arising under the insurance contracts made by the Fund. Such provision does not waive the sovereign immunity of the State from suits for damages arising from the torts of its officers and employees and from liability therefor."

That action was one in prohibition whereby the State Insurance Fund sought to prohibit the court and the plaintiff in the action, Ella Bone, from prosecuting a personal injury damage action against the State Insurance Fund arising out of an automobile collision allegedly caused by the negligence of the employees of the Fund. The court held that such action could not be maintained against the Fund. Neither this case nor the cases above cited are applicable here.

This action arises out of the administration of the State Insurance Fund and the conduct and management of the business and affairs of the Fund. We think plaintiff may maintain this action against the State Insurance Fund on the ground stated in his petition under the provisions of 85 O.S.1951 § 133. This section so far as here material provides:

> "The Commissioner shall have full power and authority to manage and conduct all business affairs relating to the State Insurance Fund, all of which business and affairs shall be conducted under the name of the State Insurance Fund,.and in that name and without any other name or title, the Commissioner may:
>
> "(1) Sue and be sued in all the courts of the State, in all actions aris-

ing out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with the State Insurance Fund, and administer, manage, or conduct all the business and affairs relating thereto."

■ When defendant herein, State Insurance Fund, received plaintiff's application for insurance together with the premium thereon there arose as a matter of law an implied contract or agreement on its part that it would act on such application within a reasonable time and if rejected would notify plaintiff thereof of such rejection within a reasonable time and its failure to do so constituted a breach of such implied contract and plaintiff had the right under the provisions of 85 O.S.1951 § 133 to sue the State Insurance Fund to recover all damages sustained by reason of said breach.

In Travelers Ins. Co. v. Taliaferro, 176. Okl. 242, 54 P.2d 1069, the court held:

> "Where an insurance company receives an application for insurance, together with the premium thereon, an implied promise is thereby created on the part of the company to act upon said application within a reasonable time, and the company may be held liable in damages for breach of such implied promise, or the applicant may waive the contract and sue in tort for negligence on the part of the company in its failure to act within a reasonable time."

See, also, St. Paul Fire and Marine Ins. Co. v. Creach, 199 Okl. 372, 186 P.2d 641.

The trial court did not err in overruling defendant's motion to dismiss.

Defendant's second contention is there is no evidence to sustain plaintiff's allegation of breach of an implied contract and proceeds to argue that an application for insurance is not in itself a contract but a mere proposal which requires an acceptance by the insurer or someone actually or apparently authorized to accept the same to give it effect as a contract and that a contract of insurance does not exist until:

and unless there is a meeting of minds of the parties as to all terms and conditions thereof. To all of which we agree.

Plaintiff however does not base his action to recover on an implied contract of insurance. He concedes that no such contract existed. His action is brought to recover damages for breach of an alleged implied promise or contract as above set forth. The argument advanced by defendant is not germane to the issues here involved.

▬ Defendant's third proposition is that the court erred in giving instructions Nos. 4 and 5 to the jury, and in refusing to give defendant's requested instructions No. 1 and No. 2. In Instruction No. 4 the jury is instructed that when an insurance company receives an application for insurance together with the premium thereon an implied promise is thereby created on the part of the company to act upon such application within a reasonable time. Instruction No. 5 is lengthy but in substance instructs the jury that if it finds from a preponderance of the evidence that defendant after receiving plaintiff's application for insurance failed to act upon the application within a reasonable time or if upon rejection of the application it failed to notify plaintiff thereof within a reasonable time, then the State Insurance Fund would be liable for breach of its legally imposed implied promise to act within a reasonable time and the verdict should be for plaintiff; and further instructed the jury that if on the other hand it finds that defendant acted within a reasonable time in notifying plaintiff of the rejection in his application then the verdict should be for the defendant.

Defendant criticizes these instructions on the sole ground that they are not within the issues raised by the pleadings and the evidence in the case. What we have said in passing upon defendant's motion to dismiss disposes of this assignment.

▬ The court committed no error in giving these instructions. In its requested instruction No. 1 defendant requested the court to instruct the jury on the elements necessary to constitute an implied contract of insurance and further requested the court to instruct the jury that if it found from the evidence that no implied contract of insurance existed the verdict should be for the defendant. In its requested Instruction No. 2 the court was requested to instruct the jury that under the law the State Insurance Fund is bound only by contracts of insurance it makes and that if the jury found the State Insurance Fund did not issue a policy of insurance then the verdict should be for the defendant. There was no error in refusing these instructions.

The fourth proposition is that the court erred in overruling defendant's motion to strike paragraph 4 and subparagraphs 2 and 3 of paragraph 5 of plaintiff's petition.

In paragraph 4 of his petition plaintiff pleads the proceeding had in the compensation case before the State Industrial Commission and further pleads the award entered against him by the Commission and further pleads that by reason of defendant's refusal to defend the action he was obligated to employ counsel to defend the action and incurred other expenses in the sum of $500; that by reason of the award entered against him and attorney fees and other expenses incurred in defending the claim he was damaged in the sum of $14,000.

Defendant's motion to strike this paragraph is based on the sole ground that the State Insurance Fund was not made a party to that proceeding. The court ruled correctly in refusing to strike this paragraph.

In subparagraph 2 of paragraph 5 of the petition plaintiff alleges that under the provisions of 85 O.S.1951 § 134, it became the mandatory duty of the State Insurance Fund upon receipt of plaintiff's application to issue the policy. This section provides that in conducting the business of the State Insurance Fund the Commissioner of said Fund shall have full power and authority:

"(2) To decline to insure any risk in which the minimum requirements of the law with regard to construction, equipment and operation are not observed, or which is beyond the safe carrying of the State Insurance Fund, but shall not have power or authority, except as otherwise provided in this Act to refuse to insure any compensation risk tendered with the premium therefor." ·

We do not think that plaintiff's contention that under this section it became the mandatory duty of the State Insurance Fund to issue the policy upon receipt of the application can be sustained. It may be however that it had no authority to reject the application on the theory upon which it was rejected. This depends upon the construction given the following sentence of the above section of the statute, "or which is beyond the safe carrying of the State Insurance Fund." We do not think it necessary to a decision in this case to determine this question. When plaintiff for the reason above stated on motion of counsel for the State Insurance Fund was required to elect to rely on the theory of breach of an implied contract, upon making such election he abandoned his right to recover on the theory that upon the receipt of his application it became the duty of the State Insurance Fund to issue a policy.

In subparagraph 3 of paragraph 5 plaintiff alleges that the State Insurance Fund rejected his application for insurance on the ground that because of the smallness of his payroll it made the risk an unsafe risk for the Fund to carry and further alleges that for several years prior thereto the State Insurance Fund carried his insurance when the payroll was no greater than the payroll stated in his present application and by reason thereof defendant is estopped to assert that it had a right to cancel the policy for the reasons stated. The trial court however refused to submit to the jury the issue of estoppel thus eliminating from the case this issue. In these circumstances we conclude that the trial court did not commit prejudicial error in refusing to sustain defendant's motion to strike said subparagraphs from plaintiff's petition.

Defendant in its reply brief contends that the evidence offered by plaintiff is insufficient to take the case to the jury on the issue as to whether after having rejected plaintiff's application for insurance it notified plaintiff thereof within a reasonable time.

The evidence shows that defendant received plaintiff's application for insurance on the 22nd day of December 1955; that the Commissioners of the State Insurance Fund on that day rejected the application and on the same day so informed an assistant underwriter thereof, and directed her to notify plaintiff of such rejection. The evidence shows that on the morning of December 23rd the State Insurance Fund Offices were closed and remained closed until the 27th day of December. On the 30th day of December the assistant underwriter wrote a letter to plaintiff which was received by him on the 31st day of December notifying him of the rejection of his application. Mr. Fagen, plaintiff's employee, sustained his fatal injury on the 28th day of December, 1955. Since it was known by the assistant underwriter on the 22nd day of December 1955, when she was directed by the Commissioner of the State Insurance Fund to notify plaintiff of the rejection of his application, that the office would be closed on the 23rd and remain closed until the 27th, it appears to us that she should have written and mailed the letter on the 22nd day of December instead of waiting until the 30th to notify plaintiff of the rejection of his application. Had she done so plaintiff would have received the notice in due course of mail on the 23rd day of December which would have given him ample time prior to the time deceased sustained his fatal injury to obtain insurance elsewhere.

We think this evidence was sufficient to take the case to the jury on the

question as to whether after defendant had rejected his application it notified plaintiff thereof within a reasonable time.

The court instructed the jury that if it found from the evidence that defendant did notify plaintiff of the rejection of his application within a reasonable time after its rejection the verdict should be for the defendant.

The jury after considering the evidence and the instructions of the court found such issue in favor of plaintiff and returned a verdict in his favor. Judgment was entered on the verdict. We cannot say there is no competent evidence reasonably tending to sustain the verdict of the jury, and the judgment entered thereon will not therefore be set aside on appeal.

Affirmed.