STATE of Oklahoma, Petitioner,

v.

The Honorable Bryan DIXON, Judge of the District Court of Oklahoma County, Judicial District 7, and Pam Moyer, Administrator for the Estate of Harry Moyer, deceased, Respondents.

No. 82293.

Supreme Court of Oklahoma.

Feb. 6, 1996.

Susan Brimer Loving, Attorney General, Julie Jones Corley, Assistant Attorney General, Oklahoma City, for Petitioner.

Larry A. Tawwater, Lampkin, McCaffrey & Tawwater, Oklahoma City, for Respondents.

ALMA WILSON, Chief Justice:

■ In this original proceeding petitioner, the State of Oklahoma (State), asks this Court to issue an extraordinary writ prohibiting the district court in Oklahoma County from further proceedings in a wrongful death action, cause No. CJ–91–3667–11, for lack of subject matter jurisdiction. The issue presented is whether an action commenced pursuant to the Governmental Tort Claims Act[1] may be recommenced pursuant to 12 O.S. 1991, § 100. Petition for writ of prohibition or mandamus is appropriate to challenge the subject matter jurisdiction of the district court.

The chronology of the pertinent events is not disputed. On March 28, 1986, the Moyer family, Harry and Pam Moyer and their three children Angela, Brandie, and James, were involved in a one-vehicle accident which occurred on State Highway 3 in McCurtain County, Oklahoma. Notice of claim for damages arising out of the automobile accident was served on the respondent agencies. Pam Moyer, as an individual and as the next of friend of her three children, sued the McCurtain County Board of Commissioners and the Oklahoma Department of Transportation in the district court in McCurtain County to recover damages for bodily injury to herself and her children. The petition

---

1. §§ 151, et seq. of Title 51 of the Oklahoma Statutes.

alleged that the State and McCurtain County were negligent in the control, construction, and maintenance of the highway thereby causing bodily jury to plaintiffs.[2] In March, 1988, the action was transferred to the district court in Oklahoma County. In April, 1990, the State filed a motion to dismiss for want of prosecution. On May 10, 1990, Pam Moyer filed a dismissal without prejudice.

On May 10, 1991, Pam Moyer filed an action to recover damages suffered by herself and her children because of the death of Harry Moyer. The wrongful death action against the State was filed in the Oklahoma County District Court. The State filed a motion to dismiss on the grounds that 12 O.S.1991, § 100 is not applicable to governmental tort claims actions. The district court denied the State's dismissal motion and the State now seeks a writ prohibiting further proceedings in the district court.

■ *Cruse v. Board of County Commissioners of Atoka County, Oklahoma*, 910 P.2d 998 (Okla.1995), mandate issued January 24, 1996, addressed the issue of whether a timely-filed governmental tort claims action may be refiled pursuant to 12 O.S.1991, § 100. *Cruse* concluded that where valid notice has been given and the governmental tort claims action has been timely filed, the court's power is invoked and, at that point, the governmental tort claims action is controlled by the laws of this state, including 12 O.S.1991, § 100. *Cruse* held that 12 O.S. 1991, § 100 operates to allow the refiling of a governmental tort claims action within one year from the date the original timely-filed governmental tort claims action failed other than on its merits.

■ The parties agree that Pam Moyer complied with the notice requirements in § 156 and timely filed her original governmental tort claims action as required by § 157(B).[3] Pam Moyer's voluntary dismissal of her original action is a failure of the action other than on its merits. And, Pam Moyer filed her wrongful death action within one year of the dismissal of her original action pursuant to 12 O.S.1991, § 100.

■ However, the petition in the original action presents a claim for bodily injury to Pam Moyer and her children and the petition in the refiled action presents a claim for the wrongful death of Harry Moyer. The two petitions raise a question as to the sufficiency of Pam Moyer's notice of claim—whether it is sufficient under 51 O.S.1991, § 156(F) which provides:

"F. When the claim is one for death by wrongful act or omission, notice may be presented by the personal representative within one (1) year after the alleged injury or loss resulting in such death. If the person for whose death the claim is made has presented notice that would have been sufficient had he lived, an action for wrongful death may be brought without any additional notice."

■ A pre-suit notice of claim that complies with the provisions of § 156(F) is necessary to invoke the power of the district court to enforce a governmental tort claims action. Accordingly, the district court is directed to determine whether Pam Moyer's pre-suit notice meets the statutory requirements of § 156(F).

KAUGER, V.C.J., and HODGES, SUMMERS and WATT, JJ., concur.

LAVENDER, SIMMS and HARGRAVE, JJ., dissent.

OPALA, Justice, dissenting:

For an explanation of my reasons see *Cruse v. Bd. of County Comm'rs of Atoka County, Okl.*, 910 P.2d 998, 1005 (Okla.1995) (Opala, J., dissenting).

---

2. 51 O.S.Supp.1986, § 155.1 exempted the state from liability for loss occurring from a defect or dangerous condition, known or unknown, on any road, street, or highway which was in existence on October 1, 1985.

3. The accident occurred March 28, 1986, and the time to file notice of claim was 90 days or until June 28, 1986. 51 O.S.Supp.1986, § 156. The parties assert that the time to commence action accrued on November 17, 1986. The November 17, 1986 accrual date could be calculated from the date of the death of Harry Moyer rather than the date of accident and bodily injuries to Pam Moyer and her three children.