Leon SHACKELFORD, Appellee,

v.

The **OKLAHOMA MILITARY DEPART-MENT and The Merit Protection Commission**, Appellants.

No. 84724.

Court of Appeals of Oklahoma,
Division No. 1.

March 1, 1996.

Rehearing Denied May 17, 1996.

Michael A. Mannes, Oklahoma City, for Appellants.

Robert J. Unruh, Oklahoma City, for Appellee.

### *MEMORANDUM OPINION*

CARL B. JONES, Presiding Judge:

In 1989, Appellee Leon Shackelford was fired from his job with Appellant Oklahoma Military Department [OMD]. Appellee immediately challenged his termination by appeal to the Merit Protection Commission [Commission], and soon after filed a motion to recover his attorney fees, even though the Commission had not yet decided his appeal. Appellee argued that OMD had no legitimate reason to fire him, and that he was entitled

by 12 O.S.Supp.1987 § 941(B)[1] to recover his attorney fees for OMD's "frivolous" and unwarranted termination of his employment. An administrative law judge appointed by the Commission agreed that OMD had wrongfully discharged Appellee, and "ordered," parroting the language of § 941(B), that "the actions of OMD were frivolous and brought without reasonable basis." The administrative law judge directed Appellee to file a "proper" attorney fee motion with Commission. Appellee promptly did so, but the Commission ruled that "the [administrative law judge]'s ruling on attorney fees was in error and not supported by the Oklahoma Personnel Act or Merit Rules," and that Appellee was not entitled to recover his attorney fees. Appellee then filed a petition for review of that order in the trial court.

OMD had in the meantime commenced a separate administrative appeal to obtain review of the decision on the merits in Appellee's favor. The trial court dismissed OMD's petition for review on jurisdictional grounds because at the time the petition was filed OMD had not complied with 74 O.S. 1991 § 841.13 [now *id.*, Supp.1994 § 840–6.5] requiring reinstatement of Appellee to his former position as a condition precedent to district court appeal by a state agency. Appellee then filed a motion for attorney fees in the trial court, again asserting that OMD's administrative appeal was frivolous and groundless and that he was entitled to fees under § 941(B). The trial court apparently waited until OMD's appeal was disposed before ruling on the fee motion.

Division IV of this Court affirmed the dismissal of OMD's petition for review in an unpublished opinion. *Oklahoma Military Dept. v. Merit Protection Comm'n,* No. 75,-826 (Okla.App., Memo.Op. Jul. 7, 1992), *cert. denied.* Shortly after the appellate mandate was spread of record in early 1993, the trial court appointed a referee to determine the proper amount of back wages Appellee should receive for the year he had been off work. (OMD had reinstated Appellee to his former position in May, 1990, a month after OMD filed its petition for review.) The trial court confirmed the referee's report in May, 1993.

In October, 1993, and July, 1994, Appellee filed, respectively, a second motion for attorney fees and a "consolidated" brief in support which invoked six other statutes[2] as authority for awarding Appellee the attorney fees he had incurred prosecuting his successful appeal to the Commission and resisting OMD's appeals to the district court and beyond. The trial court awarded Appellee a total of $37,607.98 in attorney fees, which sum included a fifty percent bonus award, but it did so without citing any of the statutory authority asserted by Appellee. Instead, the court rested its decision on 75 O.S.Supp.1992 § 318(D)(2),[3] which neither party had mentioned in their extensive trial court briefs.

On appeal to this Court, OMD contends the trial court applied an improper standard of administrative review and abused its dis-

---

1. Section 941(B) states in relevant part:

 "The respondent in any proceeding brought before any state administrative tribunal by any state agency, board, commission, department, authority or bureau authorized to make rules or formulate orders shall be entitled to recover against such state entity court costs, witness fees and reasonable attorney fees if the tribunal or a court of proper jurisdiction determines that the proceeding was brought without reasonable basis or is frivolous; . . ."

2. Appellee reasserted § 941(B), and also claimed entitlement to fees under 12 O.S.1991 § 936 (prevailing party entitled to fees in an action to recover on a contract for labor or services); 74 O.S.1991 § 841.15A(A) [now *id.*, Supp.1994 § 840–6.8] (presiding officer of a Merit Protection Commission hearing may order payment of

 attorney fees by the agency involved if the agency's position "was without reasonable basis or was frivolous"); 23 O.S.1991 § 103 (in actions for damages for personal injury or damages to personal rights court shall order reimbursement of attorney fees, etc., for bad faith or unsupported claim or defense); 40 O.S.1991 § 165.9 (court in action to recover unpaid wages may also allow attorney fees to successful party); 12 O.S.1991 § 940(A) (attorney fees allowed to prevailing party in civil action to recover damages for negligent or willful injury to property); and 12 O.S. 1991 § 2011 (providing for sanctions against party or counsel or both if a pleading, motion, or paper was signed without prior reading or without prior reasonable inquiry about the facts or the law, or was interposed for improper purpose).

3. *See* discussion *infra,* page 6.

cretion in awarding attorney fees. OMD also argues that the fee award was excessive, and challenges the bonus. After review of the record and the arguments and authorities in the briefs, we find that the trial court order is fatally defective.

There are two distinct aspects to this case, which we take care to distinguish. First, there is Appellee's administrative appeal from the Commission order denying his motion for attorney fees. The trial court was required by statute to review that order, in the limited context of the agency record, for prejudicial error affecting Appellee's substantial rights, according to the standards set out in 75 O.S.1991 § 322. The scope of our review of the Commission's order is similarly limited by the administrative record and by § 322. If the order and decision of the agency is valid and its proceedings are free from prejudicial error, we must affirm. 75 O.S. 1991 § 322(3); *Gibbs v. State Dept. of Rehabilitation Services,* 889 P.2d 899, 900 (Okla. App.1994), *cert. denied, U.S. cert. denied,* — U.S. ——, 115 S.Ct. 1410, 131 L.Ed.2d 296 (1995); *Caward v. State ex rel. Department of Mines,* 818 P.2d 506, 507–08 (Okla.App. 1991).

We pause to note that we are reviewing the *Commission's* order denying Appellee's motion for attorney fees, *not* the findings and conclusions of the administrative law judge. The administrative law judge did not award attorney fees to Appellee. All he did was to find that Appellee's request for attorney fees under § 941(B) was "proper", and then direct Appellee to submit a "proper [i.e., itemized] application" for attorney fees to the Commission. And, as Appellee has acknowledged in his answer brief, 74 O.S.1991 § 841.15A,[4] the statute (now renumbered) which presently authorizes the presiding officer of a Merit Protection Commission hearing to award attorney fees against a state agency for ad-

vancing an unreasonable or frivolous position, was not in effect on either occasion when Appellee moved the Commission for an award of attorney fees, nor when the administrative law judge entered his findings and conclusions. The statute did not become effective until the day after the Commission decided Appellee's fee motion.[5] The correctness of the Commission's attorney fee order therefore depends solely on whether the Commission could have awarded fees under the § 941(B).

 We hold that § 941(B) did not authorize the Commission to grant attorney fees in favor of Appellee. Section 941(B) allows for a fee award only in a *"proceeding* brought before any state administrative tribunal *by any state agency ..."* [6] *See State ex rel. Dept. of Human Serv. v. Perkins,* 893 P.2d 1019, 1020 (Okla.App.1995). The Legislature plainly intended § 941(B) to be a check on the power of state agencies to commence civil or administrative proceedings against private parties. When an agency commences an action or proceeding without reasonable basis or frivolously, § 941(B) requires the agency to suffer a sanction measured by the costs, witness fees, and reasonable attorney fees necessarily incurred by the responding party. Appellee's suggestion that OMD commenced a "proceeding" by firing him and forcing him to seek redress from the Commission is without merit. An agency's decision to terminate one of its employees is not a "proceeding" brought before an administrative tribunal.

The Commission was therefore correct to deny Appellee's motion for attorney fees. To the extent that the trial court reached a different result, its order must be reversed.

The second aspect of this case is the trial court's collective disposition of Appellee's tri-

---

**4.** Section 841.15A then provided in relevant part:
 "A. The presiding officer of any hearing before the Oklahoma Merit Protection Commission may require payment by the agency of reasonable attorney fees if the appellant is the prevailing party and the agency's position was without reasonable basis or was frivolous."
The Commission rules on a fee motion by addendum decision which is subject to administrative review as are other agency decisions.

Section 841.15A was renumbered § 840–6.8 by Okla.Sess.Laws 1994, c. 242, § 54.

**5.** The statute went into effect on May 25, 1990. The Commission rendered its decision on May 24, although the order was not filed until June 6, 1990.

**6.** *Supra,* Note 1 (emphasis ours).

al court fee motions under 75 O.S.Supp.1992 § 318(D)(2). Section 318(D) is part of the Oklahoma Administrative Procedures Act. It authorizes an award of attorney fees in any proceeding for review "brought by a party aggrieved by a final agency order." Subsection (1) permits an award in favor of the agency if the reviewing court finds that the review proceeding was frivolous or was brought merely to delay the effectiveness of the agency order. Subsection (2) provides that the court may award attorney fees in favor of the aggrieved party "if the court determines that the proceeding brought by the agency is frivolous." [7]

■ However, Section 318(D) in its present form did not become effective until July 1, 1992, two years *after* OMD's petition for review was filed and dismissed. Prior to 1992, § 318 did not provide for recovery of attorney fees. The question of whether filing of the petition for review gave rise to an attorney fee sanction must be judged by the legal standards in effect at the time it was filed, and not viewed through the lens of an after-enacted statute. *Cf., Winters v. City of Oklahoma City*, 740 P.2d 724, 728 n. 22 (Okla.1987) (12 O.S. § 2011 not applicable to petition filed before its effective date). The trial court therefore erred by applying § 318(D)(2) in the present case.

Although the trial court did not make any one of them the basis for its decision, we can quickly dispense with the suggestion that its attorney fee award may be affirmed under one of the other statutes cited by Appellee below. We have already demonstrated that § 941(B) does not apply to Appellee's appeal to the Commission after his termination. Title 12 O.S.1991 § 2011 applies only to civil actions commenced in district courts. *See* 12 O.S.1991 § 2001; *State ex rel. Oklahoma Bar Ass'n v. Armstrong*, 863 P.2d 1107, 1108 (Okla.1992). And, similarly, neither OMD's original appeal from the Commission order on the merits in favor of Appellee nor Appellee's appeal from denial of his motion for attorney fees was an action to recover on a contract for labor or services, or an action to recover damages for willful or negligent injury to property, or an action for damages for injury to the person or to personal rights, or an action to recover unpaid wages.

Accordingly, for the reasons expressed in this opinion, the trial court's order must be, and hereby is, reversed.

REVERSED.

GARRETT and JOPLIN, JJ., concur.

---

7. As used here, the word "proceeding" refers to the individual adjudicative proceeding and not the appellate proceeding for judicial review.