2003 OK 82

**STATE of Oklahoma, ex rel. STATE INSURANCE FUND, Plaintiff/Appellant,**

v.

**JOA, INC., d/b/a J & A Peanut Company, Defendant/Appellee.**

No. 96,157.

Supreme Court of Oklahoma.

Oct. 7, 2003.

As Corrected Oct. 8, 2003.

W. Rogers Abbott, Abbott & Associates, Oklahoma City, OK, for Plaintiff/Appellant.

Micah D. Knight, Duncan, OK, for Defendant/Appellee.

SUMMERS, J.

¶ 1 The controversy involves an action brought by the State Insurance Fund[1] against JOA, Inc., d/b/a J & A Peanut Company (JOA) for workers' compensation insurance premiums. The matter went to bench trial in the District Court of Oklahoma County, and the court granted a judgment in favor of defendant JOA. Thereafter JOA filed a motion for attorney's fees and costs based upon 12 O.S.2001 §§ 936 and 941. The State Insurance Fund responded by arguing that sovereign immunity barred any award of attorney's fees against it except when this immunity was removed. The Fund argued that its immunity had been removed for § 941 but not § 936. The District Court granted the motion and awarded JOA $8,763.90 for attorney's fees and costs.

---

1. The State Insurance Fund is now known as CompSource Oklahoma. *Nicholas v. Morgan,* 2002 OK 88, n. 1, 58 P.3d 775, 777. See 85 O.S.2001 § 131(e): "(e) The official name of the fund which is known as "The State Insurance Fund" shall be designated in all future references as 'CompSource Oklahoma'. Any references in the Oklahoma Statutes to The State Insurance Fund shall be deemed references to CompSource Oklahoma." The action was commenced in the District Court prior to the change in the name, and we refer to the Fund based upon the name used in this litigation.

¶ 2 The State Insurance Fund appealed the post-judgment order granting attorney's fees and costs. The Court of Civil Appeals, Division I, affirmed the award. The Fund then sought certiorari in this Court.

¶ 3 JOA's motion in the trial court for attorney's fees and costs was based upon 12 O.S.2001 § 936, claiming that the action was based upon an open account, statement of account, or account stated. It also sought in the alternative attorney's fees pursuant to § 941.

The trial court determined that:

> ... [T]hat the Fund, in filing this lawsuit, was not acting in a governmental; or sovereign capacity. Instead, the Fund was acting in a private or proprietary capacity, in the same manner as any other private insurance company. Therefore, the standard of § 941 is inapplicable to determining whether attorney's fees and costs should be awarded. The Court, however, finds that the Fund was not acting in a frivolous manner or without a reasonable basis in bringing this lawsuit. The Court then accepted the parties stipulation that 12 O.S. § 936 applies in this case. By so stipulating, plaintiff did not waive its objection, overruled by the Court, to the award of fees based on 12 O.S. § 941.

The State Insurance Fund argues on appeal and on certiorari that the trial court committed error by awarding attorney's fees pursuant to § 936 because the Fund possesses sovereign immunity.

■ ¶ 4 Generally, Oklahoma does not allow awarding attorneys fees based upon prevailing party status unless such fees are provided for by statute or by contract.[2] Here the issue presented by the parties is whether either of two attorney's fee statutes, 12 O.S. 2001 §§ 936 or 941, apply in the case. The Fund now argues that § 936 does not apply to the Fund because of the sovereign immunity of the State.

¶ 5 But in the District Court the Fund stipulated that § 936 applied to this controversy. On certiorari JOA argues that the Fund is now attacking its own stipulation, and that it may not do so. JOA argues that this case is different from *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc.*, 2003 OK 79, 78 P.3d 83[3] in that no stipulation was made by the Fund in that case that § 936 applied. JOA is correct.

■ ¶ 6 Generally, stipulations as to facts are binding upon the parties and the courts. *State ex rel. Trimble v. City of Moore*, 1991 OK 97, n. 14, 818 P.2d 889, 894; *Mullins v. Ward*, 1985 OK 109, n. 24, 712 P.2d 55, 63. Here we are not presented with a stipulation of fact, but of law. Some limitations exist on stipulations concerning questions of law.

■■ ¶ 7 Personal and private rights may be waived, but law involving the power or structure of government may not be waived. *Commodity Futures Trading Commission v. Schor*, 478 U.S. 833, 848–851, 106 S.Ct. 3245, 92 L.Ed.2d 675 (1986), (contrasting personal constitutional rights to the separation of powers principle). This rule is followed in Oklahoma where subject matter jurisdiction may not be established by waiver, consent, or stipulation.[4] We need not decide whether the Fund's sovereign immunity claim coincides perfectly with the contours of subject matter jurisdiction.[5] For the purpose of our

---

**2.** *Natkin & Co. v. Midwesco, Inc.*, 1993 OK 143, 863 P.2d 1222, 1224; *Downing v. First Bank in Claremore*, 1988 OK 67, 756 P.2d 1227, 1231. *See also State ex rel. Dept. of Transp. v. Norman Indus. Development Corp.*, 2001 OK 72, ¶ 8, 41 P.3d 960, 962–963, (*State ex rel. Burk v. City of Oklahoma City*, 1979 OK 115, 598 P.2d 659, applies in the absence of a contract or statute).

**3.** The recently filed opinion in *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc.*, 2003 OK 79, 78 P.3d 83 holds that § 936 does not apply to enforcing a contract of insurance.

**4.** *City of Lawton v. International Union of Police Associations*, 2002 OK 1, ¶¶ 9–10, 41 P.3d 371,

375–376; *Shaffer v. Jeffery*, 1996 OK 47, ¶ 7, 915 P.2d 910; *Merchants Delivery Service v. Joe Esco Tire Co.*, 1972 OK 82, 497 P.2d 766, 767; *Hobbs v. German–American Doctors*, 1904 OK 60, 78 P. 356, (court syllabus).

**5.** The concept of sovereign immunity has characteristics both consistent and inconsistent with general principles of subject matter jurisdiction. Common law sovereign immunity is similar to subject matter jurisdiction in that immunity acts to bar a court from adjudicating a particular class of causes of action. *See, e.g., State ex rel. Williamson v. Superior Court of Seminole County*,

analysis we treat the Fund's sovereign immunity argument as challenging the trial court's power to act.[6] We thus address the immunity issue.

## I. Sovereign Immunity and 12 O.S. § 941

¶ 8 First, we identify the particular cause of action involved in a controversy, and then determine if immunity bars that type of action. For example, in *Sholer v. State ex rel. Dept. of Public Safety,* 1995 OK 150, 945 P.2d 469, we explained that an action against D.P.S. to recover unauthorized reinstatement fees was brought as an action for money had and received. *Id.* at ¶ 29, We concluded therein that the action in that case was not in tort, and thus not barred by an immunity established by the Governmental Tort Claims Act. *Id.* at ¶ 15. We thus must examine whether an immunity applies to a particular cause of action.

 ¶ 9 The State Insurance Fund is an "agency" for the purpose of the Governmental Tort Claims Act (51 O.S.2001 § 151 et seq.), and thus possesses sovereign immunity from certain tort actions. *Fehring v. State Insurance Fund,* 2001 OK 11, ¶ 22, 19 P.3d 276, 283. But sovereign immunity does not bar an action against the State Insurance Fund when the action is based upon the Fund's contractual obligations. *See, e.g., State Insurance Fund v. Taron,* 1958 OK 282, ¶ 15, 333 P.2d 508; *State Ins. Fund v. Feldgreber,* 1957 OK 249, 317 P.2d 203, 207.[7] *Sholer* and *Fehring* are consistent with the principle that sovereign immunity is not a shield to actions based upon the contractual obligations of a state entity. *See U.C. Leasing, Inc. v. State ex rel. State Bd. of Public Affairs,* 1987 OK 43, 737 P.2d 1191, 1195.

¶ 10 The State Insurance Fund possesses statutory authority to sue and be sued in state courts.[8] Statutory language stating a state entity's ability to "sue and be sued" refers to the power of the agency to prosecute and defend actions in state courts where *those actions* are not barred by sovereign immunity. *Terry v. Edgin,* supra, 598 P.2d at 232–233. The "sue and be sued" language does not preclude the government's immunity in certain legal controversies, but rather, makes a specific class of legal controversies cognizable at law. *Mustain v. Grand River*

---

1958 OK 52, 323 P.2d 979, 981, (District Court was without jurisdiction to proceed when cause of action was barred by sovereign immunity); *Berg v. Willibey,* 1929 OK 285, 280 P. 456, 459, (court described the class or type of actions for which liability of the State would not then be based); *State ex rel. Turpen v. A 1977 Chevrolet Pickup Truck,* 1988 OK 38, 753 P.2d 1356, 1359, (subject matter jurisdiction usually refers to a court's adjudicative power over a type or class of controversies). One difference frequently mentioned between sovereign immunity and subject matter jurisdiction is that the former may be waived and the latter may not. *College Savings Bank v. Florida Prepaid Postsecondary Education Expense Board,* 527 U.S. 666, 675, 119 S.Ct. 2219, 144 L.Ed.2d 605 (1999), *In re Burlington Motor Holdings, Inc.,* 242 B.R. 156, 158–159 (Bkrtcy.D.Del.1999).

6. In *State v. Dixon,* 1996 OK 15, 912 P.2d 842, we used jurisdiction-style language when we said in a proceeding involving the Governmental Tort Claims Act, 51 O.S. § 151 et seq., that extraordinary writs were appropriate to challenge the subject matter jurisdiction of a district court, and that compliance with a provision of the Governmental Tort Claims Act was necessary to invoke the *power* of a district court. *Id.* 912 P.2d at 842, 844. We expressly decline to decide to what extent sovereign immunity acts as a bar to a court's *power* to act.

7. Consistent with this concept we have said that an employee, as third-party beneficiary of the insurance contract, may enforce the contract against the State Insurance Fund in the Workers' Compensation Court. *Muscogee (Creek) Nation v. Smith,* 1997 OK 66, ¶ 1, 940 P.2d 498.

8. The CompSource Oklahoma President and Chief Executive Officer possess authority to manage and conduct the business affairs of CompSource, and pursuant to that authority they may: "Sue and be sued in all the courts of the state, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with CompSource Oklahoma, and administer, manage, or conduct all the business and affairs relating thereto." 85 O.S.Supp.2002 § 133(1).

The previous version of § 133 stated that the Commissioner of the State Insurance Fund possessed the authority to: "Sue and be sued in all the courts of the State, in all actions arising out of any act, deed, matter or things made, omitted, entered into, done or suffered in connection with the State Insurance Fund, and administer, manage, or conduct all the business and affairs relating thereto." 85 O.S.1991 § 133(1). *See, e.g., State Insurance Fund v. Taron,* 1958 OK 282, ¶ 15, 333 P.2d 508, 513.

*Dam Authority*, 2003 OK 43, ¶ 22, 68 P.3d 991, 999.

¶ 11 In the case before us today the State Insurance Fund brought a cause of action that was based upon alleged contractual obligations of the Fund and its insured. Further, the cause of action was expressly authorized by statute.[9] The cause of action is not barred by sovereign immunity.

¶ 12 Generally, when a state agency does not possess sovereign immunity with respect to a particular cause of action, then general procedural statutes that apply to that particular cause of action also apply when that action is brought against the state entity. For example, in *Sholer v. State ex rel. Dept. of Public Safety, supra*, in addition to concluding that the Governmental Tort Claims Act did not apply to a non-tort action brought against a state agency, we also concluded that a general statute of limitations, 12 O.S.1991 § 95 (Second), applied to that non-tort action brought against a state entity. *Sholer*, 945 P.2d at 474–475.

¶ 13 This concept has also applied when assessing litigation costs. We have said that a state agency must be responsible for the "usual incidents of litigation that fall upon private litigants," and pay costs when the Legislature vests authority in the agency to sue or be sued in the courts of this State. *Grand River Dam Authority v. Grand–Hydro*, 1941 OK 79, 111 P.2d 488, 489–490. This concept is not unique to actions authorized by the "sue and be sued" statutes in that both the Governmental Tort Claims Act[10] and the Administrative Procedures Act[11] also link an obligation to pay litigation costs to particular types of actions cognizable in the State courts.

¶ 14 It is correct that in *State ex rel. Dept. of Highways v. Marshall*, 1974 OK 150, 530 P.2d 1023, 1024, this Court cited a legal encyclopedia for the proposition that statutory authorization for imposition of costs against the State, or one of its agencies, must be express, and it cannot be implied from a general statute relating to costs. However, in *Chase v. State ex rel. Dept. of Public Safety*, 1990 OK 78, n. 10, 795 P.2d 1048, 1050, we approved a post-decisional order by the Court of Civil Appeals that imposed appeal-related costs upon the Department of Public Safety pursuant to the authority of 12 O.S.1981 §§ 66,[12] 978.[13] In *Fehring v. State*

---

9. 85 O.S.2001 § 144:
If any persons, firm or corporation insured by said State Insurance Fund shall default in the payment required to be made by him to the State Insurance Fund, after due notice his insurance in "The State Insurance Fund" may be canceled and the amount due from him shall be collected by a civil action against him in the name of "The State Insurance Fund", and the same when collected shall be paid into "The State Insurance Fund", and such insured's compliance with the provisions of this article requiring payments to be made to "The State Insurance Fund" shall date from the time of the payment of such money so collected as aforesaid to "The State Treasurer" for credit of "The State Insurance Fund".

10. For example, in *Rout v. Crescent Public Works Authority*, 1994 OK 85, 878 P.2d 1045, we said that the Legislature had incorporated the applicable general statutes, such as 12 O.S.1991 § 940, governing attorney's fees and costs to actions brought pursuant to the Governmental Tort Claims Act. Id. 878 P.2d at 1050. Cf. *Truelock v. City of Del City*, 1998 OK 64, ¶ 15, 967 P.2d 1183, 1187 (*Rout* applied).

11. At one time the Oklahoma Administrative Procedures Act did not authorize awarding attorney's fees. *Smith v. State ex rel. Dept. of Human Services*, 1990 OK 19, n. 1, 788 P.2d 959, 961. It now provides for attorney's fees in the context of proceedings pursuant to 75 O.S.2001 § 318.

See § 318(D)(1) & (2). *See, e.g., Shackelford v. Oklahoma Military Dept.*, 1996 OK CIV APP 13, 919 P.2d 448, 450, (released for publication by order of the Court of Civil Appeals), (court applies attorney's fee provision of § 318).

12. At the time of the trial court order on appeal the substance of 12 O.S.1981 § 66 was codified at 12 O.S.2001 § 66(A). Because we affirm the trial court's order we need not address subsequent amendments to § 66. 12 O.S.2001 § 66(A) states:
§ 66. State as a party—Bond not required—Automatic stay—Payment of costs
A. Whenever an action is filed in any of the courts of this state by the State of Oklahoma or by direction of any department of the state, no bond, including cost, replevin, attachment, garnishment, redelivery, injunction, appeal or other obligation of security shall be required from the state or from any party acting under the direction of the state, either to prosecute, answer, or appeal the action. In case of an adverse decision, such costs as by law are taxable against the state, or against the party acting by its direction, shall be paid out of the funds of the department under whose direction the proceedings were instituted; provided, that the court shall direct the nonprevailing party to pay all costs of the action in the final order of the court.

13. The 2001 version of § 978 has not changed from 1981, and 12 O.S.2001 § 978 states:

*Ins. Fund,* 2001 OK 11, 19 P.3d 276, we noted that we had previously held that § 66 applied to the State Insurance Fund. *Id.* 2001 OK 11, at ¶ 17, 19 P.3d at 281, *citing, O.K. Constr. Co. v. Burwell,* 1939 OK 248, 185 Okla. 444, 93 P.2d 1092, 1094. Section 66 provides for payment of costs from the funds of the State entity (department) appearing as a party to the action when the costs are taxable against the State upon an adverse decision. The sovereignty of the State Insurance Fund is not lessened by a § 936 attorney's fee imposed as a cost as part of the usual incidents of a particular type of litigation. *Grand River Dam Authority v. Grand–Hydro, supra.*

¶ 15 Although sovereign immunity does not, as a general principle, bar application of 12 O.S.2001 § 936 to state agencies in the appropriate controversies, the Fund argues that § 941 is the exclusive statute for awarding attorney's fees against a state agency, and this exclusivity bars application of § 936.

¶ 16 Section 936 does not expressly mention actions involving state agencies. It states as follows:

> In any civil action to recover on an open account, a statement of account, account stated, note, bill, negotiable instrument, or contract relating to the purchase or sale of goods, wares, or merchandise, or for labor or services, unless otherwise provided by law or the contract which is the subject to the action, the prevailing party shall be allowed a reasonable attorney fee to be set by the court, to be taxed and collected as costs.

12 O.S.2001 § 936.

Section 941 expressly mentions state agencies and it states in pertinent part as follows:

> A. The defendant in any civil action brought in any court of this state **by any state agency, board, commission, department, authority or bureau authorized to make rules or formulate orders** shall be

entitled to recover against such state entity court costs, witness fees and reasonable attorney fees if the court determines that the action was brought without reasonable basis or is frivolous. This subsection shall apply to any action commenced on or after October 1, 1982.

12 O.S.2001 § 941(A), emphasis added.

While this statute expressly mentions state agencies, it does not mention sovereign immunity or other statutes allowing attorney's fees.

■ ¶ 17 The argument of the Fund is that the State enjoys a sovereign immunity from paying attorney's fees unless waived to the extent allowed in § 941. Governmental immunity is established by statute. *Vanderpool v. State,* 1983 OK 82, 672 P.2d 1153, 1157. The Fund must point to some statute that creates this immunity to paying attorney's fees. The Fund relies upon *Fehring v. State Insurance Fund, supra.* But that case involved sovereign immunity from tort actions and the Governmental Tort Claims Act, § 151 et seq., and an injured worker's claim couched in contract but which was barred by the exclusivity of the remedy afforded employers by the Oklahoma Workers' Compensation Act (WCA). See, *Fehring,* at ¶¶ 30, 31, 19 P.3d at 285–286. *Fehring* provides no support for the Fund's claim that it enjoys some type of sovereign immunity in the case before us today.

¶ 18 The Fund also cites *State ex rel. Dept. of Human Services on Behalf of Michael Aaron by McBride v. Perkins,* 1995 OK CIV APP 42, 893 P.2d 1019, 1020, in which that court determined that § 941 did not apply to paternity actions brought by the State. Thereafter in 1997 the Legislature amended 10 O.S. § 89.3 so as to make § 941 applicable to paternity actions. The Fund argues that this amendment shows a legislative intent that § 941 was meant to be a limitation on attorney's fee awards against the State.

§ 978. Costs on appeal
When a judgment or final order is reversed, the plaintiff in error shall recover his costs, including the costs of the transcript of the proceedings, or case-made, filed with the petition in error; and when reversed in part and affirmed in part, costs shall be equally divided between the parties.

¶ 19 The 1997 amendment does not support the Fund's position, but rather detracts from it. The Legislature did not amend § 941 so as to make it the **only** attorney's fee statute applicable to every type of cause of action the State or an agency thereof may bring in a District Court. Rather, the Legislature amended a statute relating to a particular cause of action, and made § 941 applicable to that particular cause of action. Further, the amendment occurred after our opinion in *Sholer v. State ex rel. Dept. of Public Safety, supra*, where we explained that statute of general application, there a statute of limitations, would apply to an action in the District Court involving a state agency.

¶ 20 We follow the plain meaning of a statute except in the rare case when literal construction produces a result demonstrably at odds with legislative intent. *Samman v. Multiple Injury Trust Fund*, 2001 OK 71, ¶ 13, 33 P.3d 302, 307. The plain meaning of the language used is that a state agency will be liable for court costs, witness fees and reasonable attorney fees if the court determines that the action was brought without reasonable basis or is frivolous. The plain meaning is that § 941 is a statute of general application, and applies to all actions in the same manner that other statutes of general application also apply to state agencies when they are properly before a District Court. No language in § 941 states that other general or specific statutes on attorney's fees are supplanted by § 941, and we decline to judicially create a governmental immunity from attorney's fees as urged by the State Insurance Fund.

## II. The Fund's Stipulation and Application of 12 O.S. § 936

¶ 21 We have addressed and rejected the Fund's arguments that sovereign immunity and the alleged exclusivity of § 941 bar the award of attorney's fees and costs against the Fund. We recently released our opinion in *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc.*, 2003 OK 79, where we held that 12 O.S.2001 § 936 does **not** apply to an action to enforce an express contract for insurance. Does the Fund's stipulation that § 936 applies to its claim herein nevertheless control this controversy? We conclude that it does.

¶ 22 Generally, a public official acts for the public entity the official represents, and "binds" that entity to those acts. *See, e.g., D'Yarmett v. School Dist. No. 27*, 1919 OK 70, 179 P. 20, 21, (school district was bound by the contract when executed by the proper officers for its use and benefit and with the intention of binding the district). However, a public official performing an act that exceeds his or her authority will not bind the public entity. *Carey, Lombard, Young & Co. v. Hamm*, 1916 OK 922, 160 P. 878, 878–879. We have said that this is so because persons dealing with public officials are charged with notice of limitations upon the powers of the officials. *Indiana Nat. Bank v. State Dept. of Human Services*, 1993 OK 101, 857 P.2d 53, 64. The conduct of employees of a state agency may not create an estoppel so as to subtract from an attribute of the state's sovereign power, as in taxation. *State ex rel. Oklahoma Tax Commission v. Emery*, 645 P.2d 1048 (Okla.App. 1982), (Approved for publication by Supreme Court). *Cf. Oklahoma City Mun. Imp. Authority v. HTB, Inc.*, 1988 OK 149, 769 P.2d 131, 135, (state agency acting in a sovereign capacity may bring a cause of action unimpaired by statutes of limitation).

¶ 23 The act that is before us is a stipulation by counsel for a public entity. Counsel may not waive a constitutional mandate relating to the structure of government, such as the location of a District Court. *City of Clinton ex rel. Richardson v. Cornell*, 1942 OK 379, 132 P.2d 340, 343. *See also, Jones v. Cordell*, 1946 OK 135, 168 P.2d 130, 131, (concession of assistant attorney general that Senate Bill was unconstitutional need not be followed by the court).[14] Thus, both the

---

14. In the absence of contrary explicit legislative or constitutional expressions the Attorney General of the State of Oklahoma possesses complete dominion over every litigation in which the A.G. properly appears in the interest of the State. *State ex rel. Derryberry v. Kerr–McGee Corp.*, 1973 OK 132, 516 P.2d 813, 818. This dominion includes the authority to dismiss, abandon, dis-

state agency and counsel for that agency are bound by mandatory law relating to the structure and sovereignty of government as such relates to the particular state agency.

¶ 24 In *Strelecki v. Oklahoma Tax Commission*, 1993 OK 122, 872 P.2d 910, however, we noted a stipulation made by counsel for the Tax Commission on an issue of law together with inconsistent positions on issues of law asserted by the Commission. *Id.* 872 P.2d at 912, 919–920, 923. In addressing the extent to which the Commission was bound *in the litigation* by counsel's argument we said the following:

A party on appeal cannot take a position inconsistent with that maintained before a trial tribunal. While this court may decide a public-law case on dispositive issues, it will not relieve a party of a solemn commitment to a position argued both below and on appeal unless it is so contrary to the applicable law that it would amount to an *ultra vires* act. We hence hold that the Commission is bound *in this case* (1) by the Income Tax Division's pre-*Harper* [*v. Virginia Dept. of Taxation*, 509 U.S. 86, 113 S.Ct. 2510, 125 L.Ed.2d 74 (1993)] position, below and on appeal, that Taxpayers are entitled to a refund of overpayment if *Davis* [*v. Michigan Dept. of Treasury*, 489 U.S. 803, 109 S.Ct. 1500, 103 L.Ed.2d 891 (1989)] *is retroactive*, and (2) by its procedural posture below that the statutory scheme does allow Taxpayers to seek a *timely refund* of taxes voluntarily paid under a clearly unconstitutional statute. The Commission now attempts to relitigate the remedial correctness of the refund claims on inconsistent theories. It has lulled *these* Taxpayers into a false sense of security by inducing their belief that the voluntary overpayments claimed to be due would be refunded if *Harper* gave retroactive effect to *Davis*. *The Commission will not be heard*—at this late hour—to deny liability upon a *changed* interpretation of the state's remedial regime for refunds. The government stands before us on the footing of an *ordinary appellee*. It will not receive a more favorable treatment than

that afforded other appellate litigants in a similar situation.

*Strelecki v. Oklahoma Tax Commission*, 1993 OK 122, at ¶ 17, 872 P.2d at 919–920, notes omitted.

¶ 25 In the present controversy the Fund filed an action against JOA claiming that it was entitled to attorney's fees and costs pursuant to § 936. We explain in *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc., supra*, that the non-application of § 936 is based upon the nature of the obligation being enforced, i.e., an express contract for insurance. The non-application of § 936 has no connection to the fact that the Fund is a state entity. The Fund stands before us on the footing of an ordinary appellant. It litigated the application of § 936 before the trial court based upon the stipulation that § 936 would apply to the Fund but for § 941. The Fund has pointed to no authority that its counsel acted *ultra vires* and thus without power to stipulate to the applicability of § 936.

¶ 26 The trial court made a finding that the Fund stipulated that § 936 applies to this controversy. The Fund does not point to any evidence or argument before the trial court challenging that finding, or make any argument on appeal that the finding of the stipulation is in error. We conclude that the Fund is bound by that stipulation *in this case*, although we note the result is inconsistent with that established by our opinion in *State of Oklahoma, ex rel. State Insurance Fund v. Great Plains Center, Inc., supra*.

¶ 27 The prevailing party in a § 936 case shall be allowed reasonable attorney's fees. *GRP of Texas, Inc. v. Eateries, Inc.*, 2001 OK 53, ¶ 8, 27 P.3d 95, 98. The Fund does not challenge the reasonableness of the fees awarded. JOA also seeks attorney's fees on appeal. A District Court determines the amount of appeal-related attorney's fees on remand. *Id.* at ¶ 6, 27 P.3d at 98. The motion for appeal-related attorney's fees filed by JOA is granted.

---

continue, or compromise suits brought by the A.G., and to make any disposition of such suits as the A.G. deems best for the interest of the state,

provided that the acts taken are without fraud or collusion. *Id.* 818–819.

¶ 28 The Opinion of the Court of Civil Appeals is vacated, the post-judgment order of the District Court awarding attorney's fees is affirmed, the motion by JOA for reasonable appeal-related attorney's fees is granted, and the trial court shall determine the amount of such fees for appeal and certiorari upon remand.

¶ 29 OPALA, V.C.J., HODGES, LAVENDER, HARGRAVE, BOUDREAU, WINCHESTER, JJ., concur.

¶ 30 WATT, C.J., KAUGER, J., concur in part, dissent in part.