145 P.3d 1078 (2006)
2006 OK 71
Pamela FREEMAN, Plaintiff/Appellant,
v.
STATE of Oklahoma, ex rel. DEPARTMENT OF HUMAN SERVICES, Defendant/Appellee.
No. 102,987.
Supreme Court of Oklahoma.
October 3, 2006.
Steven R. Hickman, Frasier, Frasier & Hickman, LLP., Tulsa, OK, for Plaintiff/Appellant.
Richard W. Freeman, Jr., Richard A. Resetaritz, Oklahoma Department of Human Services, Oklahoma City, OK, for Defendant/Appellee.
HARGRAVE, J.
¶ 1 Pamela Freeman sued the Department of Human Services of the State of Oklahoma in the District Court of Tulsa County, for failure to pay overtime under the Fair Labor Standards Act, 29 USC § 201 et seq. DHS moved to dismiss on the grounds that the State cannot be sued without its consent under the doctrine of sovereign immunity. The trial court found that the Department of Human Services had constitutional immunity from a private enforcement action under 29 USC § 216(b) of the Fair Labor Standards Act, and that a private enforcement did not arise under the laws of this state as required by 51 O.S. § 154. The trial court further found that the State of Oklahoma had not consented to a private enforcement action under 29 USC § 216(b) against an agency of the State of Oklahoma.
¶ 2 This case presents a first impression question of whether the State of Oklahoma has consented to private Fair Labor Standards Act enforcement actions under 29 USC § 216(b) against state agencies in its state courts. We find that the State of Oklahoma has not consented to private suits for damages *1079 in our state courts under the Fair Labor Standards Act, 29 USC § 201 et seq.
¶ 3 In Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), the U.S. Supreme Court affirmed dismissal by reason of implicit constitutional sovereign immunity to an action filed in state court by state probation officers against the State of Maine by holding:
We hold that the powers delegated to Congress under Article I of the United States Constitution do not include the power to subject nonconsenting States to private suits for damages in state courts. We decide as well that the State of Maine has not consented to suits for overtime pay and liquidated damages under the FLSA.
527 U.S. at 712, 119 S.Ct. at 2246.
¶ 4 Explaining its rationale for so holding, the Court further expounded:
The Eleventh Amendment makes explicit reference to the States' immunity from suits "commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const., Amdt. 11. We have, as a result, sometimes referred to the States' immunity from suit as "Eleventh Amendment Immunity." The phrase is convenient shorthand but something of a misnomer, for the sovereign immunity of the States neither derives from nor is limited by, the terms of the Eleventh Amendment. Rather, as the Constitution's structure, its history, and the authoritative interpretations by this Court make clear, the States' immunity from suit is a fundamental aspect of the sovereignty which the States enjoyed before the ratification of the Constitution, and which they retain today (either literally or by virtue of the admission into the Union upon an equal footing with the other States) except as altered by the plan of the Convention or certain constitutional Amendments.
527 U.S. at 712-713, 119 S.Ct. at 2246-2247.
¶ 5 The Oklahoma Department of Human Services is an agency of the State of Oklahoma established by Article XXV of the Oklahoma Constitution. Therefore, for Freeman to prevail on the issue presented in the present appeal, the State of Oklahoma must have consented to suit in its own courts under the Fair Labor Standards Act.
¶ 6 One area in which the State of Oklahoma has waived its sovereign immunity is under the Governmental Tort Claims Act found at 51 O.S.2001 § 151 et seq. The status of sovereign immunity is specifically addressed by the legislature at 51 O.S.2001 § 152.1 which provides:
A. The State of Oklahoma does hereby adopt the doctrine of sovereign immunity. The state, its political subdivisions, and all of their employees acting within the scope of their employment, whether performing governmental or proprietary functions, shall be immune from liability for torts.
B. The State, only to the extent and in the manner provided in this act, waives its immunity and that of its political subdivisions. In so waiving immunity, it is not the intent of the state to waive any rights under the Eleventh Amendment to the United States Constitution.
Additionally, 51 O.S.2001 § 162(E) plainly states in pertinent part:
Nothing in this section shall be construed to waive any immunities available to the state under the terms of the Eleventh Amendment to the Constitution of the United States. Any immunity or other bar to a civil lawsuit under state or federal law shall remain in effect . . .
¶ 7 Nowhere in the Oklahoma Statutes does the legislature purport to waive this State's sovereign immunity to suits under the Fair Labor Standards Act. In Alden v. Maine, 527 U.S. 706, 119 S.Ct. 2240, 144 L.Ed.2d 636 (1999), the United States Supreme Court was faced with a very similar scenario. A group of probation officers filed suit against their employer, the State of Maine, for violating the overtime provisions of the FLSA. This suit was filed in the United States District Court for the State of Maine. The United States Supreme Court found:
Although petitioners contend the State has discriminated against federal rights by claiming sovereign immunity from this *1080 FLSA suit, there is no evidence that the State has manipulated its immunity in a systematic fashion to discriminate against federal causes of action. To the extent Maine has chosen to consent to certain classes of suits while maintaining its immunity from others, it has done no more than exercise a privilege of sovereignty concomitant to its constitutional immunity from suit.
527 U.S. at 758, 119 S.Ct. at 2268.
¶ 8 In the present matter, the Oklahoma Legislature has not consented to a lawsuit under the Fair Labor Standards Act. The Legislature has not manipulated its immunity in any fashion to discriminate against this federal cause of action. Oklahoma has chosen to consent to certain types of suit, yet has not consented to suit under the Fair Labor Standards Act, and as in Alden v. Maine, may exercise its sovereign immunity from suit.
¶ 9 Appellant claims that Oklahoma has adopted sovereign immunity only in cases of tort, reading 51 O.S.2001 § 152.1 and § 162 as limited to tort actions. This argument is in error. Appellant relies upon State Insurance Fund v. JOA, Inc., 2003 OK 82, 78 P.3d 534, to support this claim. However, the cause of action in that case was expressly authorized by statute. 2003 OK 82, ¶ 11, 78 P.3d 534
¶ 10 Our holding herein affirms the trial court's finding that the Department of Human Services has Constitutional Immunity from a private enforcement action under 29 USC § 216(b) of the Fair Labor Standards Act, and that a private enforcement does not arise under the laws of this state as required by 51 O.S. § 154. Additionally, the State of Oklahoma has not consented to a private enforcement action under 29 USC § 216(b) against an agency of the State of Oklahoma.
AFFIRMED.
¶ 11 CONCUR: WATT, C.J., WINCHESTER, V.C.J., LAVENDER, HARGRAVE, OPALA (I concur in obedience to the command of the U.S. Supreme Court's constitutional jurisprudence and to Oklahoma's own law.), KAUGER, EDMONDSON, TAYLOR, COLBERT, JJ.